**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>WASHINGTON MUTUAL, INC., et al.,<br><br>Debtors | Chapter 11<br><br>Case No. 08-12229 (MFW)<br><br>Jointly Administered |
| Black Horse Capital LP, Black Horse Capital Master Fund Ltd., Black Horse Capital (QP) LP, Greywolf Capital Partners II, Greywolf Overseas Fund, Guggenheim Portfolio Company VII, LLC, HFR RVA Combined Master Trust, IAM Mini-Fund 14 Limited, LMA SPC for and on behalf of the MAP 89 Segregated Portfolio, Lonestar Partners LP, Mariner LDC, Nisswa Convertibles Master Fund Ltd., Nisswa Fixed Income Master Fund Ltd., Nisswa Master Fund Ltd., Paige Opportunity Partners LP, Paige Opportunity Partners Master Fund, Pandora Select Partners, LP, Pines Edge Value Investors Ltd, Riva Ridge Capital Management LP, Riva Ridge Master Fund, Ltd., Scoggin Capital Management II LLC, Scoggin International Fund Ltd., Scoggin Worldwide Fund Ltd., Visium Global Fund, Ltd., VR Global Partners, L.P. Whitebox Asymmetric Partners LP, Whitebox Combined Partners, LP, Whitebox Convertible Arbitrage Partners, LP, Whitebox Hedged High Yield Partners, LP and Whitebox Special Opportunities LP, Series B,<br><br>Plaintiffs<br>v.<br><br>JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., Washington Mutual, Inc., Washington Mutual Preferred Funding, LLC, Washington Mutual Preferred Funding (Cayman) I Ltd., Washington Mutual Preferred Funding Trust I, Washington Mutual Preferred Funding Trust II, Washington Mutual Preferred Funding Trust III, Washington Mutual Preferred Funding Trust IV<br><br>Defendants. | Adversary Proceeding No. 10-51387 (MFW) |

**PLAINTIFFS' STATEMENT REGARDING PROPOSED SCHEDULING ORDER**

Plaintiffs, through their counsel, hereby submit the following statement with respect to the proposed scheduling order filed herewith:

1. On July 30, 2010, counsel for the Plaintiffs delivered to counsel for the Defendants, a proposed scheduling order for review and comment, and sought to schedule a teleconference to meet and confer as to the proposed scheduling order.

2. On August 4, Defendants provided a revised proposed scheduling order and the counsel for the Plaintiffs and Defendants conferred via telephone the morning of August 6.

3. On August 8, Plaintiffs provided a black-lined version of the Defendants' proposed scheduling order, and the parties again conferred via teleconference the morning of August 9.

4. The parties were unable to agree on certain issues, as set forth below. As a result, Plaintiffs attach as Exhibit A, their proposed scheduling order, and as Exhibit B, a black-lined version of the scheduling order proposed by Defendants.

5. The fundamental disagreement in approaches involves the manner in which the discovery is conducted and trial of the issues is held. The Plaintiffs request that the Court allow it to begin discovery immediately, including whatever form of written discovery it deems appropriate (i.e., document requests, requests for admissions and interrogatories), and depositions beginning as soon as Plaintiffs deem appropriate.

6. The Debtor and JPMC desire that no written discovery be allowed whatsoever, other than the document discovery in the form of the depository previously populated, and that no depositions be allowed until after the Examiner's final report is submitted.

7. With respect to trial of the Plaintiffs' claims, the Plaintiffs have proposed a trial distinct from the other objections to the Plan that may be filed by other parties. Plaintiffs' claims relate to a discrete putative asset of the estate, which is the subject of the underlying settlement and Plan. The claims raise questions to title. The claims raise factual and legal issues discrete to the issue of title. Because the claims bring into relief the legal ownership of such a significant asset, they require a full evidentiary hearing that logically should occur in advance of the confirmation hearing.

8. The Debtors and JPMC appear to suggest that the Adversary claims be treated as confirmation objection, without the need for a separate evidentiary hearing.

9. The approach by the Debtors and JPMC seems little different from the so-called "discovery protocol" they championed in June, and subsequently withdrew in light of the Court's criticism. As was true then, there is no justification for limiting Plaintiffs' discovery options simply to document requests or to delay depositions until some time in October, just weeks before the Confirmation hearing. The 31 days between October 8, the date of the Examiner's report, and the beginning of the Confirmation hearing would not be enough time to coordinate all depositions, and effectively would prevent Plaintiffs from conducting any written discovery in the form of interrogatories or requests for admission, because the parties would not be required to respond until after the commencement of confirmation. Moreover, delaying the onset of discovery will also severely prejudice the Plaintiffs by limiting the ability to challenge discovery responses Plaintiffs feel are inadequate. Two examples in the regard are pertinent to this issue.

10. As the Court may recall, for the better part of the past month, the Plaintiff's were denied access to the document depository due to a dispute over the appropriate confidentiality agreement.[1] See Docket Nos. 3757, 4471, 4729, 4838, 4891.

11. After finally obtaining access to the depository, the Plaintiffs discovered that the depository is practically unusable and documents have been deposited therein with no relationship to the actual requests. Thus, as of today, it is still unclear whether any parties have produced documents in response to the TPS Consortium's document requests, and/or whether responsive documents have been withheld.[2] The depository contains approximately 135,000 documents, many of which are not responsive to the TPS Consortium's requests, and in many instances, not relevant to any potential issues in any related cases. Additionally, neither the Debtors nor JPMC produced documents in the manner required by Fed. R. Civ. P. 34(b)(2)(E); the documents are not organized or labeled to correspond to the categories in the requests, nor were they produced as they are kept in the ordinary course of business. Instead, documents were taken from multiple sources, converted into PDF format, and placed into various folders that do not correspond with the requests.

12. With respect to functionality, Plaintiffs have discovered that the depository has limited search capabilities and the limited ability to catalogue and/or code documents for subsequent use. Plaintiffs' counsel contacted Bowne, the company operating the depository,

---

[1] The Confidentiality Agreement demanded by Debtors was filed with the Court, under the implied and false pretense that all parties had agreed to it. The Plaintiffs sought only to modify the "use" language to include its adversary proceeding. Even though all parties agreed to that use verbally and in writing, all have thus far failed to sign the revised agreement. In order to finally get access, the Consortium signed the earlier filed Agreement, with the understanding that the parties would ultimately sign the revised Confidentiality Agreement removing artificial restrictions limiting the use of documents in the Adversary Proceeding. However, that revised agreement still has not been signed or filed.

[2] Importantly, no party has produced a privilege log despite the Consortium's repeated requests. Indeed, the Debtors have taken the position that they will not produce any such like despite the mandate of Fed. R. Civ. P. 26(b)(5), made applicable through Fed. R. Bankr. P. 7026 and 9014.

and was told that the search and coding functions were extremely limited. For example, counsel was told that searches could not be limited to certain folders, could not be narrowed by date, and could not be limited by such criteria as author. Instead, each search would have to be run across all 135,000 documents in the depository every time, an enormous waste of time and stress on limited party resources. Counsel was also told that any notes that can be entered into the depository would not be separately searchable, nor could they be shared with other attorneys on the review team. As such, Plaintiffs believe that the method of production, which causes any review to be unduly cumbersome, is insufficient. Debtors' counsel, however, represented that they were told by different representatives of Bowne that there is much broader capability for searching and that folders can be created by reviewers. As of this filing, Plaintiffs' counsel have not been able to confirm whether the depository has the heightened features as stated by the Debtors. Regardless, some heightened search features do not obviate the requirements under the Rules to organize the production by request. Plaintiffs have yet to determine whether a subsequent motion to compel will be necessary on this point.

13. The other example of the need for discovery to begin immediately is the Debtors' response to Plan discovery served by Plaintiffs related to settlement discussions. As the Court knows, the Debtors have refused to tell any party whether they intend to assert "advice of counsel" to prove the reasonableness of the proposed settlement. Any such reliance on the advice of counsel results in a privilege waiver. Because Debtors refused to so inform the parties and the Court, Plaintiffs served a set of requests for admission directed to the question of whether the Debtors did or did not so rely. The response by the Debtors was nearly a blanket objection that the <u>fact</u> of reliance or non-reliance was itself privileged. Although this is not the time to resolve this issue, the point is that Debtors and JPMC appear intent on

interposing every single argument to avoid substantively responding to any discovery requests. At least that is Plaintiffs' interpretation. To address the propriety of Defendants' various objections with this Court, and given the current target confirmation date of November 11, discovery must start immediately.

14. Because of the discovery delays that have already occurred, the Plaintiffs have proposed that discovery be allowed to commence immediately and that responses to written discovery be shortened. Shortening the timeframe will allow the parties to seek resolution of any disputes in a timely fashion, prior to the commencement of confirmation.

15. The Plaintiffs respectfully request that the Court enter a scheduling order substantially in the form submitted as Exhibit A.

Dated: August 9, 2010

**CAMPBELL & LEVINE LLC**

/s/ Kathleen Campbell Davis____________
Marla Rosoff Eskin, Esq. (DE 2989)
Bernard G. Conaway, Esq. (DE 2856)
Kathleen Campbell Davis, Esq. (DE 4229)
800 North King Street, Suite 300
Wilmington, DE 19809
(302) 426-1900
(302) 426-9947 (fax)

- and -

**BROWN RUDNICK LLP**
Sigmund S. Wissner-Gross
Robert J. Stark
Seven Times Square
New York, New York 10036
(212) 209-4800

- and –

James W. Stoll
Jeremy B. Coffey
Daniel J. Brown
One Financial Center
Boston, MA 02111
(617) 856-8200
*Counsel to Plaintiffs*

# 1764993 v2 - BROWNDJ - 028943/0001