# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---------------------------------------- x
                                         :
In re                                    :   Chapter 11
                                         :
WASHINGTON MUTUAL, INC., et al.,         :   Case No. 08-12229 (MFW)
                                         :
        Debtors                          :   Jointly Administered
                                         :
---------------------------------------- x
                                         :
Black Horse Capital LP, Black Horse Capital Master :
Fund Ltd., Black Horse Capital (QP) LP, Greywolf :
Capital Partners II, Greywolf Overseas Fund, :
Guggenheim Portfolio Company VII, LLC, HFR RVA :
Combined Master Trust, IAM Mini-Fund 14 Limited, :   Adversary Proceeding
LMA SPC for and on behalf of the MAP 89 Segregated : No. 10-51387 (MFW)
Portfolio, Lonestar Partners LP, Mariner LDC, Nisswa :
Convertibles Master Fund Ltd., Nisswa Fixed Income :
Master Fund Ltd., Nisswa Master Fund Ltd., Paige :
Opportunity Partners LP, Paige Opportunity Partners :
Master Fund, Pandora Select Partners, LP, Pines Edge :
Value Investors Ltd, Riva Ridge Capital Management :
LP, Riva Ridge Master Fund, Ltd., Scoggin Capital :
Management II LLC, Scoggin International Fund Ltd., :
Scoggin Worldwide Fund Ltd., Visium Global Fund, :
Ltd., VR Global Partners, L.P. Whitebox Asymmetric :
Partners LP, Whitebox Combined Partners, LP, :
Whitebox Convertible Arbitrage Partners, LP, Whitebox :
Hedged High Yield Partners, LP and Whitebox Special :
Opportunities LP, Series B,                       :
                                                   :
        Plaintiffs                                 :
v.                                                 :
                                                   :
JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., :
Washington Mutual, Inc., Washington Mutual Preferred :
Funding, LLC, Washington Mutual Preferred Funding :
(Cayman) I Ltd., Washington Mutual Preferred Funding :
Trust I, Washington Mutual Preferred Funding Trust II, :
Washington Mutual Preferred Funding Trust III, :
Washington Mutual Preferred Funding Trust IV :
                                                   :
        Defendants.                                :
---------------------------------------- x

{D0185744.1 }
2

# SCHEDULING ORDER

AND NOW, this ___ day of September, 2010, it is hereby ORDERED, ADJUDGED and DECREED that:

1. Counts I-VI of the Adversary Complaint in the above-captioned adversary proceeding shall be adjudicated in conjunction with the hearing to consider confirmation of the Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the United States Bankruptcy Code (as the same may be amended or modified, the "Plan"), scheduled to begin November 1, 2010 or at such other date as the Court may specify (the "Confirmation Hearing"). Counts I-VI shall be referred to as the "Adversary Issues;" provided, however, that this Order is without prejudice to the parties' rights to seek a determination, by motion *in limine* or other request for relief, that certain claims or allegations of Counts I-VI are not related to confirmation of the Plan, are, therefore, not Adversary Issues, and thus shall not be adjudicated in conjunction with confirmation of the Plan. Adjudication of Counts VII-IX of the Adversary Complaint shall be stayed until 30 days after entry of a final order confirming the Plan or a denial of confirmation of the Plan, including any appeal (the "Confirmation Order"), or further Order of this Court.

2. Any motions to dismiss and/or joinders to any motion to dismiss related to the Adversary Issues, to be filed by any Defendant and/or potential intervenor, shall be filed by ***September 7, 2010***.

3. Responses to any such motions to dismiss shall be filed by: ***October 7, 2010***.

4. Any replies shall be filed by: ***October 21, 2010***.

5. Any other responsive pleadings related to the Adversary Issues shall be filed by ***September 14, 2010***.

6. Defendants' obligation to answer or otherwise respond to claims and allegations in the Adversary Complaint, that are not Adversary Issues as defined above and subject to potential further determination by the Court, shall be stayed until 30 days after entry of the Confirmation Order, at which time Defendants shall respond to any remaining claims and allegations in the Adversary Complaint that have not been resolved by the Confirmation Order, including such releases or bars pursuant to the Confirmation Order as the Court shall order, enter, and/or approve. Except to the extent adjudicated in the context of the Confirmation Hearing, nothing herein (and nothing asserted by Plaintiffs, Defendants, or any other party in the context of the Confirmation Order) shall prejudice or be deemed a waiver of any claims or defenses to the Adversary Complaint (including, without limitation, as to jurisdiction) if and to the extent any claim or claims in the Adversary Complaint are adjudicated after the Confirmation Order.

7. Nothing herein shall be deemed to alter the rules otherwise applicable to requests to intervene or participate in the Adversary Proceeding or bar or stay the filing of any such request.

3
{D0185744.1 }

8. All documents previously produced in connection with Rule 2004 Discovery and any and all documents currently and/or subsequently provided in the document depository maintained by Debtors have been and/or will be made available to the Plaintiffs and shall be used only in a manner consistent with the Confidentiality Agreement dated July 28, 2010.

9. Plaintiffs and Defendants may immediately commence written discovery (including document requests, interrogatories and requests for admission) in connection with the Adversary Issues. Deadlines for responses to such written discovery shall be governed by the Federal Rules of Bankruptcy Procedure 7026-7036.

10. Depositions—Depositions of persons who are not likely to be deposed in connection with confirmation may begin immediately. The parties have conferred and agree that depositions of (i) the Depository Trust Company/Cede & Co. and (ii) Deutsche Bank Trust Company Delaware may begin immediately. Depositions of persons who are likely to be deposed in connection with confirmation discovery, shall be scheduled in a coordinated fashion to avoid any unnecessary duplication. The Debtors shall provide Plaintiffs with a service list for parties who are expected to object to the Plan. The Debtors shall notice depositions to that service list. The parties shall make a good faith effort to coordinate the scheduling of depositions with all parties in interest on the service list. Any noticed party in interest not present for any such deposition will be required to seek relief from the Court with respect to scheduling any additional deposition of the same witness.

11. Pursuant to Fed. R. Civ. P. 30(b)(4), as adopted by Fed. R. Bankr. P. 7030, the parties may take depositions by telephone or other remote means, such as video conference, if they so desire.

12. The requirement to make initial disclosures pursuant to Federal Rule of Bankruptcy Procedure 7026(a)(1) shall be waived.

13. The parties shall designate and provide reports of any expert they plan to offer no later than **17 days prior** to the Confirmation Hearing. Expert depositions shall be concluded no later than **three days prior** to the Confirmation Hearing.

14. The scheduling and submission of trial briefing of the claims and issues in the Adversary Complaint, not already set forth in this Order, shall occur consistent with the briefing to be scheduled and/or ordered by the Court in connection with the Confirmation Hearing.

15. Trial of the Adversary Issues shall commence on the first day of the Confirmation Hearing, currently scheduled for November 1, 2010, or on such other date as the Court may set for the confirmation hearing, provided, however, that nothing herein precludes a party from seeking modification of the trial date if the confirmation schedule changes.

16. The Plaintiffs shall immediately notify the Court upon the settlement, dismissal or other resolution of any adversary proceeding subject to this Order and shall file with the Court appropriate evidence of such resolution as soon thereafter as is feasible.

17. Deadlines contained in this Scheduling Order are subject to change on consent of all parties with the approval of the Court, or pursuant to further Order of the Court.

Dated: September __, 2010
Wilmington, Delaware

*[signature]*
The Honorable Mary F. Walrath
UNITED STATES BANKRUPTCY JUDGE