# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

---

| | |
|---|---|
| *In re* | Chapter 11 |
| WASHINGTON MUTUAL, INC., *et al.*, | Case No. 08-12229 (MFW) |
| Debtors. | Jointly Administered |

---

| | |
|---|---|
| Black Horse Capital LP, Black Horse Capital Master Fund Ltd., Black Horse Capital (QP) LP, Greywolf Capital Partners II, Greywolf Overseas Fund, Guggenheim Portfolio Company VII, LLC, HFR RVA Combined Master Trust, IAM Mini-Fund 14 Limited, LMA SPC for and on behalf of the MAP 89 Segregated Portfolio, Lonestar Partners LP, Mariner LDC, Nisswa Convertibles Master Fund Ltd., Nisswa Fixed Income Master Fund Ltd., Nisswa Master Fund Ltd., Paige Opportunity Partners LP, Paige Opportunity Partners Master Fund, Pandora Select Partners, LP, Pines Edge Value Investors Ltd., Riva Ridge Capital Management LP, Riva Ridge Master Fund, Ltd., Scoggin Capital Management II LLC, Scoggin International Fund Ltd., Scoggin Worldwide Fund Ltd., Visium Global Fund, Ltd., VR Global Partners, L.P. Whitebox Asymmetric Partners LP, Whitebox Combined Partners, LP, Whitebox Convertible Arbitrage Partners, LP, Whitebox Hedged High Yeild Partners, LP and Whitebox Special Opportunities LP, Series B, | Adversary Proceeding No. 10-51387 (MFW) |
| Plaintiffs, | |
| v. | |
| JPMorgan Chase Bank, N.A., JPMorgan Chase & Co., Washington Mutual, Inc., Washington Mutual Preferred Funding, LLC, Washington Mutual Preferred Funding (Cayman) I Ltd., Washington Mutual Preferred Funding Trust I, Washington Mutual Preferred Funding Trust II, Washington Mutual Preferred Funding Trust III, Washington Mutual Preferred Funding Trust IV, | |
| Defendants. | |

# MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS JPMORGAN CHASE & CO. AS A DEFENDANT

Defendant JPMorgan Chase & Co. respectfully submits this memorandum of points and authorities in support of its motion to dismiss it as a defendant for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b) and Federal Rule of Bankruptcy Procedure 7012.

There are no causes of actions brought against JPMorgan Chase & Co. in this action, and the only references at all to JPMorgan Chase & Co. in the complaint are those that identify its principal place of business, its agent for service, and its primary banking subsidiary. As such, this action features no claims upon which relief can be granted against JPMorgan Chase & Co., and JPMorgan Chase & Co. should therefore be dismissed as a defendant.

Prior to bringing this motion, counsel for JPMorgan Chase & Co. asked plaintiffs' counsel to withdraw the complaint as to JPMorgan Chase & Co. so that this motion would not be necessary. Plaintiffs' counsel never bothered to respond.

## BACKGROUND

The plaintiffs in this adversary proceeding, a variety of hedge funds and investment vehicles ("Plaintiffs"), claim that at various unspecified points before and after the closure of Washington Mutual Bank ("WMB") on September 25, 2008, they came to own certain trust preferred securities (the "Trust Preferred Securities") issued by Washington Mutual, Inc. ("WMI"). (Complaint for Declaratory and Other Relief ("Complaint") ¶ 38.) They ask this Court to declare that they are the true owners of some portion of the Trust Preferred Securities. (*Id.* ¶ 51.) They make this claim notwithstanding that on September 25, 2008, the Trust Preferred Securities were exchanged for WMI preferred equity, an exchange that—by the Trust

Preferred Securities' own plain and unambiguous terms—happened automatically and unconditionally. (*Id.* ¶¶ 72-73.)

Plaintiffs' Complaint names the following defendants: (i) WMI, the holding company that owned WMB and that oversaw the issuance of the Trust Preferred Securities; (ii) JPMorgan Chase Bank, N.A. ("JPMC"), the bank that acquired WMB's assets (including the Trust Preferred Securities) and certain of its liabilities upon its closure by the Office of Thrift Supervision; (iii) JPMorgan Chase & Co., the holding company that owns JPMC; and (iv - ix) six subsidiaries of WMI that played roles in the issuance of the Trust Preferred Securities. (*Id.* ¶¶ 40-48.)

As to Defendant JPMorgan Chase & Co., the Complaint contains *only* the following allegations:

- that JPMorgan Chase Bank, N.A.—*i.e.*, JPMC—"is a wholly-owned subsidiary *of JPMorgan Chase & Co.*, a Delaware corporation" (*id.* ¶ 40 (emphasis added)); and

- that JPMorgan Chase & Co. "is a Delaware Corporation with a principal place of business at 270 Park Ave., New York, NY 10017," whose "registered agent is the Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801" (*id.* ¶ 41).

There are no other references anywhere in the Complaint—other than in the caption—to JPMorgan Chase & Co. There are no other factual allegations involving JPMorgan Chase & Co. There are no causes of action brought against JPMorgan Chase & Co. For all these reasons, Plaintiffs should have voluntarily dismissed JPMorgan Chase & Co. from this action rather than insist on burdening the Court and the parties with needless motion practice. Because Plaintiffs have refused to do so, JPMorgan Chase & Co. respectfully asks that this Court grant this motion to dismiss.

## ARGUMENT

While Plaintiffs' Complaint will be shown to be completely meritless in due course, this motion does not turn on the merits of Plaintiffs' allegations and legal theories. Rather, as to JPMorgan Chase & Co., Plaintiffs have neither allegations nor legal theories. The Complaint's only references to JPMorgan Chase & Co. specify its principal place of business and agent for service (Complaint ¶ 41) and identify it as JPMC's parent company (*id.* ¶ 40). None of Plaintiffs' nine counts are brought against JPMorgan Chase & Co. As such, the Complaint does not state a cause of action against JPMorgan Chase & Co. on which relief can be granted, and JPMorgan Chase & Co. should be dismissed as a defendant.[1] *See Forehand v. Morgan*, 621 F. Supp. 2d 179, 182 (D. Del. 2009) ("[T]he Complaint contains absolutely no allegations directed toward Defendants. Accordingly, the Court will dismiss the claims as they have no arguable basis in law or in fact."); *Folks v. Danberg*, No. 09-103-GMS, 2009 U.S. Dist. LEXIS 45795, at *5 (D. Del. June 1, 2009) ("Inasmuch as there are no allegations directed towards [co-defendants] they will be dismissed as defendants."); *Hartman v. Corr. Med. Servs.*, No. 08-030-SLR, 2008 U.S. Dist. LEXIS 39180, at *5-6 (D. Del. May 13, 2008) (dismissing defendants against whom no allegations were made in the complaint), *aff'd* 366 Fed. App'x 453 (3d Cir. 2010); *Williams v. Corr. Med. Servs.*, No. 07-637-JJF, 2008 U.S. Dist. LEXIS 35253, at *8 (D. Del. Apr. 29, 2008) (same).

---

[1] Counsel for JPMorgan Chase & Co. wrote to Plaintiffs' counsel on September 2, 2010, noting the Complaint's complete lack of allegations and claims against JPMorgan Chase & Co. and asking that Plaintiffs voluntarily dismiss JPMorgan Chase & Co. as a defendant without prejudice so as to avoid burdening the Court with this motion. Plaintiffs' counsel declined even to respond, necessitating this motion.

JPMorgan Chase & Co. submits that were there allegations and claims brought against it, there likely would be other grounds on which JPMorgan Chase & Co. would be entitled to dismissal, including based on the jurisdictional provisions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989. But because the Complaint is entirely devoid of claims or substantive allegations against it, JPMorgan Chase & Co. lacks sufficient notice of the purported claims against it to move on any such grounds at this time. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (holding that a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief in order to give the defendant fair notice of what the claim is and the grounds upon which it rests" (internal alterations omitted)). JPMorgan Chase & Co. should be dismissed from this action because there are no claims against it.

## CONCLUSION

For the foregoing reasons, JPMorgan Chase & Co. respectfully submits that Plaintiffs' Complaint should be dismissed as against it for failure to state a claim, and JPMorgan Chase & Co. should be awarded costs and expenses related to this motion.

Dated: September 7, 2010　　　　　　　　　　**LANDIS RATH & COBB LLP**
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　　Adam G. Landis (No. 3407)
　　　　　　　　　　　　　　　　　　　　　　Matthew B. McGuire (No. 4366)
　　　　　　　　　　　　　　　　　　　　　　919 Market Street, Suite 1800
　　　　　　　　　　　　　　　　　　　　　　Wilmington, DE 19899
　　　　　　　　　　　　　　　　　　　　　　Tel: (302) 467-4400
　　　　　　　　　　　　　　　　　　　　　　Fax: (302) 467-4450

　　　　　　　　　　　　　　　　　　　　　　– and –

Robert A. Sacks
Stacey R. Friedman
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588

– and –

Brent J. McIntosh
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel: (202) 956-7500
Fax: (202) 956-6330

*Attorneys for Defendant
   JPMorgan Chase & Co.*