# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

------------------------------------------------------------------------- x

*In re*                                                              :     Chapter 11

                                                                :

WASHINGTON MUTUAL, INC., *et al.*,                                   :     Case No. 08-12229 (MFW)

                                                                :

    Debtors.                                      :     Jointly Administered

                                                                :

------------------------------------------------------------------------- x

Black Horse Capital LP, Black Horse Capital Master Fund             :     Adversary Proceeding
Ltd., Black Horse Capital (QP) LP, Greywolf Capital Partners        :     No. 10-51387 (MFW)
II, Greywolf Overseas Fund, Guggenheim Portfolio Company            :
VII, LLC, HFR RVA Combined Master Trust, IAM Mini-                  :
Fund 14 Limited, LMA SPC for and on behalf of the MAP 89            :
Segregated Portfolio, Lonestar Partners LP, Mariner LDC,            :
Nisswa Convertibles Master Fund Ltd., Nisswa Fixed Income           :
Master Fund Ltd., Nisswa Master Fund Ltd., Paige                    :
Opportunity Partners LP, Paige Opportunity Partners Master          :
Fund, Pandora Select Partners, LP, Pines Edge Value                 :
Investors Ltd., Riva Ridge Capital Management LP, Riva              :
Ridge Master Fund, Ltd., Scoggin Capital Management II              :
LLC, Scoggin International Ltd., Scoggin Worldwide                   :
Fund Ltd., Visium Global Fund, Ltd., VR Global Partners,            :
L.P., Whitebox Asymmetric Partners LP, Whitebox                     :
Combined Partners, LP, Whitebox Convertible Arbitrage               :
Partners, LP, Whitebox Hedged High Yield Partners, LP and           :
Whitebox Special Opportunities LP, Series B,                        :

                                                                :

    Plaintiffs,                                   :

                                                                :

    v.                                            :

                                                                :

JPMorgan Chase Bank, N.A., JPMorgan Chase & Co.,                    :
Washington Mutual, Inc., Washington Mutual Preferred                :
Funding, LLC, Washington Mutual Preferred Funding                   :
(Cayman) I Ltd., Washington Mutual Preferred Funding                :
Trust I, Washington Mutual Preferred Funding Trust II,              :
Washington Mutual Preferred Funding Trust III and                   :
Washington Mutual Preferred Funding Trust IV,                       :

                                                                :

    Defendants.                                   :

------------------------------------------------------------------------- x

## ANSWER OF JPMORGAN CHASE BANK, NATIONAL ASSOCIATION

Defendant JPMorgan Chase Bank, National Association ("JPMC"), by and through its undersigned counsel, for its Answer to the Complaint for Declaratory and Other Relief dated July 6, 2010 (the "Complaint"), hereby responds as follows:

## I.    INTRODUCTION

1.        Denies the allegations of Paragraph 1, except admits that the Complaint purports to seek a declaratory judgment that certain trust preferred securities (the "Trust Preferred Securities") were and are property of third-party investors, and avers that the documents governing issuance and offering of the Trust Preferred Securities expressly stated that in certain specified situations (any such situation, an "Exchange Event") the Office of Thrift Supervision (the "OTS") could decree that the Trust Preferred Securities would be automatically and unconditionally exchanged (the "Conditional Exchange") for preferred equity of Washington Mutual, Inc. ("WMI"); that it was disclosed that the OTS permitted the Trust Preferred Securities to be Tier 1 Capital of Washington Mutual Bank ("WMB"); that the documents governing issuance and offering of the Trust Preferred Securities disclosed the possibility of a Conditional Exchange and warned investors that in the event of a Conditional Exchange, they "would likely receive, *if anything*, substantially less than they would have received had the Conditional Exchange not occurred" (emphasis added); that the OTS directed the Conditional Exchange in late September 2008; that JPMC acquired the Trust Preferred Securities pursuant to the Purchase and Assumption Agreement (Whole Bank) Among Federal Deposit Insurance Corporation, Receiver of Washington Mutual Bank, Henderson, Nevada, Federal Deposit Insurance Corporation and JPMorgan Chase Bank, National Association dated as of September 25, 2008 (the "P&A Agreement"); and that some or all of

the Plaintiffs were not "third-party investors" in the Trust Preferred Securities at the time of the Conditional Exchange but instead acquired their purported interest in the Trust Preferred Securities later.

2.      Paragraph 2 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 2. JPMC further avers that under the express terms of the Trust Preferred Securities' governing documents, attached hereto as Exhibits A-R,[1] the Trust Preferred Securities were automatically and unconditionally exchanged for WMI preferred equity upon the OTS's announcement of the Conditional Exchange on September 25, 2008.

3.      The last sentence of Paragraph 3 consists of legal assertions as to which no response is required. To the extent a response is required, and as to the remainder of Paragraph 3, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

4.      Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 except respectfully refers the Court to the referenced Fifth Amended Joint Plan of Affiliated Debtors Pursuant to Chapter 11 of the

---

[1]      The Trust Preferred Securities governing documents include: offering circulars (attached hereto as Exhibits A-E); exchange agreements (attached hereto as Exhibits F-I); purchase agreements (attached hereto as Exhibits J-M); and global certificates (attached hereto as Exhibits N-R).

United States Bankruptcy Code (as the same may be amended or modified, the "Plan") and proposed Order (Docket Entries 4850 and 4484 respectively in the above-captioned bankruptcy proceeding) for complete and accurate statements of their contents and denies the allegation as to JPMC's purported knowledge. The portion of the third sentence regarding certain transactions contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations and avers that JPMC owns all right, title, and interest in the Trust Preferred Securities.

       5.      Denies the allegations of the first sentence of Paragraph 5. The second sentence of Paragraph 5 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of the second sentence of Paragraph 5.

       6.      Paragraph 6 contains legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 6.

       7.      Admits that the Complaint purports to seek recovery from certain entities currently or formerly associated with WMI, otherwise denies the allegations of Paragraph 7 and generally denies that Plaintiffs are entitled to any recovery from JPMC whatsoever. JPMC further avers that pursuant to this Court's order of September 7, 2010, the time for those entities, which are named only in Counts VII-IX of the Complaint, to answer, move or otherwise respond to the Complaint has been adjourned until 30 days after the entry of a final order confirming the Plan or a denial of confirmation of the Plan, including any appeal (the "Confirmation Order") and that approval of the Plan and the incorporated settlement agreement (the "Settlement Agreement") would bar, release and/or extinguish Plaintiffs' claims against those entities.

## II.  **PARTIES**

8.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8.

9.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9.

10.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13.

14.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 24.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 26.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 31.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 34.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 36.

37.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 37.

38.     Denies the allegations of Paragraph 38 and avers that JPMC holds all of the Trust Preferred Securities by virtue of its purchase of all the assets of WMB.

39.     Admits that Plaintiffs' Complaint purports to refer to the parties in question by the defined terms specified but denies that Plaintiffs are in fact holders of Trust Preferred Securities.

40.     Admits the allegations of Paragraph 40, and avers that JPMC entered into the P&A Agreement, which is attached hereto as Exhibit S, pursuant to which JPMC acquired the assets, deposits and certain liabilities of WMB, including the Trust Preferred Securities.

41.     Admits the allegations of Paragraph 41, avers that the Complaint contains no claims or allegations against JPMorgan Chase & Co. save for those in Paragraphs 40 and 41 and does not purport to bring any cause of action against JPMorgan Chase & Co., and further avers that JPMorgan Chase & Co. has moved to dismiss the Complaint as against it for failure to state a claim on which relief can be granted.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 42, except admits that prior to September 25, 2008, WMI owned WMB and WMB's subsidiaries.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 43, except admits that Washington Mutual Preferred

Funding, LLC ("WMPF") is a Delaware limited liability company as to which Corporation Trust Company, 1209 Orange Street, Wilmington, Delaware 19801 is a registered agent and denies that WMPF's principal place of business is the specified location. The final sentence of Paragraph 43 contains legal assertions as to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of the final sentence. JPMC further avers that approval of the Plan and the incorporated Settlement Agreement would bar, release and/or extinguish Plaintiffs' claims against WMPF.

44. Admits the allegations of Paragraph 44, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the purpose for which Washington Mutual Preferred Funding (Cayman) I Ltd. ("WaMu Cayman") was formed and respectfully refers the Court to the referenced offering circular, which is attached hereto as Exhibit A, for a complete and accurate statement of its contents. JPMC further avers that approval of the Plan and the incorporated Settlement Agreement would bar, release and/or extinguish Plaintiffs' claims against WaMu Cayman.

45. Admits the allegations of Paragraph 45, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the purpose for which Washington Mutual Preferred Funding Trust I ("WaMu Delaware I") was formed and respectfully refers the Court to the referenced offering circular, which is attached hereto as Exhibit B, for a complete and accurate statement of its contents. JPMC further avers that approval of the Plan and the incorporated Settlement Agreement would bar, release and/or extinguish Plaintiffs' claims against WaMu Delaware I.

46.     Admits the allegations of Paragraph 46, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the purpose for which Washington Mutual Preferred Funding Trust II ("WaMu Delaware II") was formed and respectfully refers the Court to the referenced offering circular, which is attached hereto as Exhibit C, for a complete and accurate statement of its contents. JPMC further avers that approval of the Plan and the incorporated Settlement Agreement would bar, release and/or extinguish Plaintiffs' claims against WaMu Delaware II.

47.     Admits the allegations of Paragraph 47, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the purpose for which Washington Mutual Preferred Funding Trust III ("WaMu Delaware III") was formed and respectfully refers the Court to the referenced offering circular, which is attached hereto as Exhibit D, for a complete and accurate statement of its contents. JPMC further avers that approval of the Plan and the incorporated Settlement Agreement would bar, release and/or extinguish Plaintiffs' claims against WaMu Delaware III.

48.     Admits the allegations of Paragraph 48, except denies knowledge or information sufficient to form a belief as to the truth of the allegation regarding the purpose for which Washington Mutual Preferred Funding Trust IV ("WaMu Delaware IV") was formed and respectfully refers the Court to the referenced offering circular, which is attached hereto as Exhibit E, for a complete and accurate statement of its contents. JPMC further avers that approval of the Plan and the incorporated Settlement Agreement would bar, release and/or extinguish Plaintiffs' claims against WaMu Delaware IV.

## III.    JURISDICTION AND VENUE

49.    Paragraph 49 consists of legal assertions as to which no response is required.  To the extent a response is required, denies the allegations of Paragraph 49 and avers that the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA") bars the Bankruptcy Court or any other court in the District of Delaware from exercising jurisdiction over Plaintiffs' claims.

50.    Paragraph 50 consists of legal assertions as to which no response is required.  To the extent a response is required, denies the allegations of Paragraph 50.

## IV.    STATEMENT OF FACTS

51.    To the extent any response is required, admits that Plaintiffs purport to allege that the gravamen of their Complaint is to establish Plaintiffs' ownership of the Trust Preferred Securities and denies that Plaintiffs currently own any of the Trust Preferred Securities.

52.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 52.

53.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 53, except admits that the Trust Preferred Securities are defined to include the securities referenced in subparagraphs a-e and respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents.

54. Denies the allegations of Paragraph 54 and avers that no Trust Preferred Securities were available for purchase by any Plaintiff after September 25, 2008.

55. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 55 except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their structure and admits that JPMorgan Securities, Inc. ("JPMSI") served as an underwriter for the Washington Mutual Preferred Funding Trust III Fixed-to-Floating Rate Perpetual Non-Cumulative Trust Securities (the "WaMu Delaware III TPS").

56. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 56, except denies that the image depicting the corporate structure of the Trust Preferred Securities that Plaintiffs claim appears "in the offering memoranda" in fact appears in any substantially similar form in the offering memoranda for WaMu Delaware II, WaMu Delaware III, or WaMu Delaware IV and respectfully refers the Court to those offering memoranda, which are attached hereto as Exhibits C, D and E, for complete and accurate statements of their contents; and denies that the images depicting the corporate structure of the Trust Preferred Securities that Plaintiffs claim appear "in the offering memoranda" are an accurate reproduction of the graphics that appear in the WaMu Cayman and WaMu Delaware I offering memoranda and respectfully refers the Court to these offering memoranda, which are attached hereto as Exhibits A and B, for complete and accurate depictions of their images.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57, except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 58, except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents.

59.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 59, except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents, and avers that Plaintiffs have selectively and misleadingly quoted from the WaMu Delaware III Offering Memorandum, which actually states: "While the Thrift Financial Reports are supervisory and regulatory documents, not primarily accounting documents, and do not provide a complete range of financial disclosure about WMB, the reports nevertheless provide important information concerning WMB's financial condition and operating results." Footnote 14 contains legal conclusions as to which no response is required. To the extent a response is required, denies the allegations of Footnote 14 and respectfully refers the Court to the Home Owners' Loan Act, 12 U.S.C. §§ 1461–1468c, for a complete and accurate statement of its contents.

60.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 60 except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents, and denies that the Conditional Exchange never occurred. JPMC avers that pursuant to the terms of the documents governing offering and issuance of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, the announcement of a Conditional Exchange automatically and unconditionally caused the Trust Preferred Securities to be exchanged for preferred shares of WMI.

61.     Denies the allegations of Paragraph 61, avers that Plaintiffs misquote the referenced offering circular and offering memoranda, which all actually state: "After the occurrence of the Conditional Exchange, the Trust [Preferred] Securities will be owned by WMI," and respectfully refers the Court to the referenced offering circular and memoranda, which are attached hereto as Exhibits B, D and E respectively, for complete and accurate statements of their terms.

62.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 62 except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents. JPMC further avers that Plaintiffs are each sophisticated investors that, to the extent they even held Trust Preferred Securities on September 25, 2008, understood that the Trust Preferred Securities always were core capital of WMB.

63. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 63 except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents.

64. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 64, except respectfully refers the Court to certain letters between OTS and WMI (each, a "Capital Commitment Letter"), which are attached hereto as Exhibits T-AA, for complete and accurate statements of their contents.

65. Admits that Plaintiffs have quoted excerpts from the referenced Capital Commitment Letters and respectfully refers the Court to these letters, which are attached hereto as Exhibits T-AA, for complete and accurate statements of their terms. The last sentence consists of legal assertions as to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of the final sentence of Paragraph 65.

66. Denies or denies knowledge or information sufficient to form a belief as to the truth of Paragraph 66.

67. Paragraph 67 and footnote 27 consist of legal assertions as to which no response is required. To the extent a response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and footnote 27, and respectfully refers the Court to the referenced Monthly Operating Report and WMI's Disclosure Statement (Docket Entries 369 and 4851, respectively, in the above-captioned bankruptcy proceeding) for complete and accurate statements of their terms.

68.     Paragraph 68 consists of legal assertions as to which no response is required. To the extent a response is required, avers that JPMC is the rightful owner of these assets and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 68.

69.     Paragraph 69 consists of legal assertions as to which no response is required. To the extent a response is required, respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their contents and otherwise denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 69.

70.     Denies or denies knowledge or information sufficient to form a belief as to the truth of Paragraph 70.

71.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 71, except admits that (i) on September 25, 2008, WMB was closed by the OTS and placed into a receivership with the Federal Deposit Insurance Corporation ("FDIC") as receiver, (ii) JPMC acquired all of the assets and deposits, and certain liabilities, of WMB, including the Trust Preferred Securities, pursuant to the P&A Agreement, and (iii) JPMC did not acquire WMI's assets and liabilities under the P&A Agreement, and respectfully refers the Court to the P&A Agreement, which is attached hereto as Exhibit S, for a complete and accurate statement of its terms. The footnote regarding the FDIC consists of legal conclusions as to which no response is required. To the extent a

response is required, denies knowledge or information sufficient to form a belief as to the truth of the allegations of the footnote in Paragraph 71.

72.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 72 except respectfully refers the Court to the September 25, 2008 letter by the OTS declaring that an Exchange Event had occurred, the subsequent confirmation from WMI and the related press release, which are attached hereto as Exhibits BB-DD, for complete and accurate statements of their terms.

73.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 73 except respectfully refers the Court to the referenced agreement and press release, which are attached hereto as Exhibits EE and DD respectively, for complete and accurate statements of their contents.

74.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 74, except admits that Plaintiffs have accurately quoted excerpts from some, but not "each," of WMI's Monthly Operating Reports in its chapter 11 case and respectfully refers the Court to the referenced operating reports (Docket Entries 369, 539, 639, 741, 831, 970, 1083, 1229, 1387, 1542, 1672, 1790, 1945, 2077, 2280, 2425, 2737, 3606, 4428, 4830, 5163 and 5372 in the above-captioned bankruptcy proceeding) for complete and accurate statements of their terms. JPMC further avers that it acquired the Trust Preferred Securities pursuant to the P&A Agreement.

75.     Denies the allegations of Paragraph 75, except (i) admits that in March 2010 WMI announced its intention to pursue confirmation of a plan of reorganization conditioned upon approval of a global settlement agreement; (ii) denies that the referenced

settlement contemplates the Trust Preferred Securities and other assets being "delivered to JPMC," rather than confirming that the assets are already owned by JPMC and releasing any claims to the contrary; (iii) denies that Plaintiffs accurately quote from the referenced operating report for April 2010, which actually states as follows: "Pursuant to the terms of the Settlement Agreement, upon consummation of the Plan, WMI and relevant third parties will complete the Conditional Exchange"; (iv) admits that this language also appears in Monthly Operating Reports for May 2010 and June 2010; (v) respectfully refers the Court to the referenced operating reports (Docket Entries 369, 539, 639, 741, 831, 970, 1083, 1229, 1387, 1542, 1672, 1790, 1945, 2077, 2280, 2425, 2737, 3606, 4428, 4830, 5163 and 5372 in the above-captioned bankruptcy proceeding) for complete and accurate statements of their terms; and (vi) avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

76.    Denies the allegations of Paragraph 76, except admits that the quoted language appears in the referenced Settlement Agreement, respectfully refers the Court to that agreement (Exhibit H to Docket Entry 4850 in the above-captioned bankruptcy proceeding) for a complete and accurate statement of its terms, and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

77.    Paragraph 77 consists of legal assertions as to which no response is required.  To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 77.  JPMC avers that it acquired the Trust Preferred Securities pursuant to the P&A Agreement.

78. Paragraph 78 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

79. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 79, except respectfully refers the Court to the referenced trust agreements for complete and accurate statements of their terms.

80. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 80, except admits that Plaintiffs quote the referenced counterclaims.

81. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 81, except respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their terms.

82. Paragraph 82 contains a legal assertion as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 82.

83. Paragraph 83 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 83.

84. Paragraph 84 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 84.

85. Admits that Plaintiffs have quoted excerpts from the WaMu Delaware III Offering Memorandum and respectfully refers the Court to this memorandum, which is attached hereto as Exhibit D, for a complete and accurate statement of its terms. Otherwise denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 85.

86. Paragraph 86 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 86.

87. Paragraph 87 consists of legal assertions as to which no response is required. To the extent any response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 87, except respectfully refers the Court to Securities and Exchange Commission ("SEC") Rule 144A for a complete and accurate statement of its terms.

88. Paragraph 88 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 88, except respectfully refers the Court to the referenced operating report (Docket Entry 369 in the above-captioned bankruptcy proceeding) for a complete and accurate statement of its terms.

89. Paragraph 89 consists of legal assertions as to which no response is required. To the extent a response is required, respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their terms and otherwise denies or

denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 89.

90. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 90 except respectfully refers the Court to the referenced Capital Commitment Letters, which are attached hereto as Exhibits T, V, X, and Z, for complete and accurate statements of their contents.

91. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 91 except respectfully refers the Court to the referenced Capital Commitment Letters, which are attached hereto as Exhibits T-AA, for complete and accurate statements of their contents.

92. Paragraph 92 contains legal assertions regarding entitlement to "confidential treatment" as to which no response is required. To the extent a response is required, and as to the remainder of Paragraph 92, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 92, except respectfully refers the Court to the referenced Capital Commitment Letters, which are attached hereto as Exhibits T-AA, for complete and accurate statements of their contents.

93. Paragraph 93 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 93. JPMC avers that at the time of the issuance of the Trust Preferred Securities, the total value of WMI's assets was more than $300 billion.

94.     Paragraph 94 contains legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 94, except respectfully refers the Court to the referenced Capital Commitment Letters, which are attached hereto as Exhibits T-AA, for complete and accurate statements of their contents.

95.     The second sentence of Paragraph 95 contains legal assertions as to which no response is required. To the extent a response is required, and as to the remainder of Paragraph 95, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 95.

96.     Paragraph 96 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 96.

97.     Paragraph 97 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 97.

98.     Paragraph 98 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 98.

99.     Paragraph 99 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 99.

100.    The first and last sentences of Paragraph 100 consist of legal assertions as to which no response is required. To the extent a response is required, and as to the remainder of Paragraph 100, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 100, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

101.    Admits that Plaintiffs have quoted excerpts from the referenced opening statement, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents, and otherwise denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 101.

102.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 102 and respectfully refers the Court to the referenced offering circulars, which are attached hereto as Exhibits A-E, for complete and accurate statements of their contents.

103.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 103, except admits that Plaintiffs have quoted excerpts from the referenced offering circulars and respectfully refers the Court to these circulars, which are attached hereto as Exhibits B-E, for complete and accurate statements of their contents.

104.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 104, except admits that Plaintiffs have quoted from the referenced offering circular and respectfully refers the Court to this circular, which is attached hereto as Exhibit D, for a complete and accurate statement of its contents.

105.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 105, except respectfully refers the Court to the referenced offering circulars, which are attached hereto as Exhibits C-E, for complete and accurate statements of their contents.

106.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 106, except respectfully refers the Court to the referenced offering circulars, which are attached hereto as Exhibits A-E, for complete and accurate statements of their contents, and admits that Plaintiffs have quoted excerpts from the referenced SEC filings and respectfully refers the Court to these filings for complete and accurate statements of their contents.

107.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 107.

108.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 108, except admits that the Plaintiffs have quoted from the referenced offering circular and respectfully refers the Court to this circular, which is attached hereto as Exhibit D, for a complete and accurate statement of its allegations.

109.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 109.

110.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 110, except admits that Plaintiffs have quoted from the referenced memorandum, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

111.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 111, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

112.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 112.

113.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 113, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

114.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 114, except admits that Plaintiffs have quoted from the referenced memorandum, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

115.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 115.

116.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 116, except admits that Plaintiffs have quoted from the referenced exhibit, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

117.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 117.

118.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 118, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents and respectfully refers the Court to the referenced financial reports for complete and accurate statements of their contents.

119.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 119.

120.     Admits that Plaintiffs have quoted from the referenced public financial reports and respectfully refers the Court to these reports for complete and accurate statements of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 120.

121.     Admits that Plaintiffs have quoted from the referenced public financial reports and respectfully refers the Court to these reports for complete and accurate statements of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 121.

122.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 122.

123.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 123.

124.     Paragraph 124 consists of legal assertions as to which no response is required.  To the extent a response is required, admits that Plaintiffs have quoted from the referenced federal regulation and respectfully refers the Court to that regulation for a complete and accurate statement of its contents, respectfully refers the Court to the Uniform Standards of Professional Appraisal Practice for a complete and accurate statement of their contents, and otherwise denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 124.

125.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 125.

126.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 126, except respectfully refers the Court to the referenced complaint for a complete and accurate statement of its contents.

127.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 127.

128.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 128.

129.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 129, except admits that Plaintiffs have quoted from the referenced complaint and respectfully refers the Court to this complaint for a complete and accurate statement of its contents.

130.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 130, except admits that Plaintiffs have quoted from the referenced complaint and respectfully refers the Court to this complaint for a complete and accurate statement of its contents.

131.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 131, except respectfully refers the Court to the referenced complaint for a complete and accurate statement of its contents.

132.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 132, except admits that Plaintiffs have quoted from the referenced complaint and respectfully refers the Court to this complaint for a complete and accurate statement of its contents.

133.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 133.

134.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 134.

135.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 135.

136.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 136, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for complete and accurate statements of their contents.

137.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 137.

138.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 138.

139.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 139.

140.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 140.

141.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 141, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for complete and accurate statements of their contents.

142.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 142, except respectfully refers the Court to the referenced article for a complete and accurate statement of its contents and to the Joint Guidance on Nontraditional Mortgages, which is attached hereto as Exhibit FF, for a complete and accurate statement of its contents.

143.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 143, except admits that Plaintiffs have quoted from the referenced guidance and respectfully refers the Court to this guidance, which is attached hereto as Exhibit FF, for a complete and accurate statement of its contents, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for complete and accurate statements of their contents.

144. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 144, except admits that Plaintiffs have quoted from the referenced exhibit, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

145. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 145, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

146. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 146, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

147. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 147.

148. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 148, except admits that Plaintiffs have quoted from the referenced exhibit, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the

public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

149.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 149, except admits that Plaintiffs have quoted from the referenced memorandum, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

150.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 150, except admits that Plaintiffs have quoted from the referenced exhibit, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

151.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 151, except admits that Plaintiffs have quoted from the referenced exhibit, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

152.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 152, except admits that Plaintiffs have quoted

from the referenced exhibits, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

153.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 153, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

154.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 154.

155.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 155, except admits that Plaintiffs have quoted from the referenced opening statement, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

156.    Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 156, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

157. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 157, except admits that Plaintiffs have quoted from the referenced exhibit and opening statement, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

158. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 158.

159. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 159.

160. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 160.

161. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 161, except respectfully refers the Court to the referenced complaint for a complete and accurate statement of its contents.

162. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 162.

163. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 163.

164. Paragraph 164's allegations as to OTS's responsibilities consist of legal assertions as to which no response is required. To the extent a response is required, and as to the remainder of Paragraph 164, denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 164.

165. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 165, except admits that Plaintiffs have quoted from the referenced press release and exhibit, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

166. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 166.

167. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 167, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

168. Paragraph 168 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 168.

169.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 169.

170.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 170.

171.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 171, except admits that Plaintiffs have quoted the referenced report and respectfully refers the Court to this report for a complete and accurate statement of its contents.

172.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 172, except admits that Plaintiffs have quoted from the referenced opening statement, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

173.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 173.

174.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 174, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

175. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 175, except admits that Plaintiffs have selectively quoted from the referenced exhibits, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

176. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 176, except admits that Plaintiffs have selectively quoted from the referenced exhibits, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

177. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 177, except admits that Plaintiffs have quoted from the referenced opening statement, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

178. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 178. JPMC further avers that the OTS did take certain regulatory action in regard to WMI, for example, by entering into a Memorandum of Understanding with WMI on September 8, 2008.

179. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 179, except admits that Plaintiffs have quoted from the referenced testimony, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

180. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 180, except admits that Plaintiffs have quoted from the referenced testimony, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

181. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 181, except admits that Plaintiffs have quoted from the referenced opening statement, denies that the limited record made public by the Senate subcommittee is complete and accurate, but nonetheless respectfully refers the Court to the public record of the referenced Senate subcommittee proceedings for a complete and accurate statement of their contents.

182. Paragraph 182 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 182.

183. Denies the allegations of Paragraph 183, except admits that in the spring of 2008 JPMC conducted due diligence concerning a potential purchase of WMI, which, consistent with the usual practices for due diligence of potential transactions, afforded JPMC access to certain information regarding WMI, admits that JPMC understood that pursuant to the P&A Agreement it would acquire the Trust Preferred Securities, and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

184. Denies the allegations of Paragraph 184, except admits that in the spring of 2008 JPMC conducted due diligence concerning a potential purchase of WMI, which, consistent with the usual practices for due diligence of potential transactions, afforded JPMC access to certain information regarding WMI.

185. Denies or denies knowledge or information sufficient form a belief as to the truth of the allegations of Paragraph 185, except admits that in the spring of 2008 JPMC conducted due diligence concerning a potential purchase of WMI, which, consistent with the usual practices for due diligence of potential transactions, afforded it access to certain information regarding WMI.

186. Denies the allegations of the first sentence of Paragraph 186, except admits that on March 31, 2008, JPMC notified WMI of the terms of a potential bid, subject to many conditions, including additional due diligence. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of the second sentence of Paragraph 186, except admits that in April 2008, WMI announced a transaction in which a consortium of institutional investors led by TPG Capital (the "TPG Group") agreed to purchase $7.2 billion of WMI common and preferred equity securities.

187.     Denies the allegations of Paragraph 187, except admits that JPMC's interest in potentially acquiring Washington Mutual continued after the announcement of WMI's transaction with the TPG Group and that JPMC met with regulators during the summer of 2008.

188.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 188, except admits that Plaintiffs have quoted from the referenced article and respectfully refers the Court to this article for a complete and accurate statement of its contents.

189.     Denies the allegations of Paragraph 189, except admits, upon information and belief, that the FDIC contacted potential bidders for WMB's assets, including JPMC, shortly prior to the auction of WMB's assets, and respectfully refers the Court to the referenced article for a complete and accurate statement of its contents.

190.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 190, except admits that JPMC conducted additional due diligence of WMB in September 2008, and respectfully refers the Court to the referenced Bloomberg report for a complete and accurate statement of its contents and to the referenced presentation for a complete and accurate statement of its contents.

191.     Denies the allegations of Paragraph 191, except admits that JPMC conducted due diligence of WMB in September 2008 and respectfully refers the Court to the referenced email message for a complete and accurate statement of its contents.

192.     Denies the allegations of Paragraph 192.

193.     Denies the allegations of paragraph 193, except admits that on September 25, 2008, JPMC acquired WMB's assets (including the Trust Preferred Securities) and deposits and assumed certain of WMB's liabilities pursuant to the P&A Agreement; admits that JPMC did not acquire WMI's liabilities; avers that the assets, deposits and liabilities of WMB, and the value of WMB's assets, in September 2008 were not the same as the assets and liabilities of WMI, and the value of WMI's assets, in March 2008; avers further that significant and fundamental economic and business changes had occurred between March 2008 and September 2008; and respectfully refers the Court to the P&A Agreement, which is attached hereto as Exhibit S, for a complete and accurate statement of its terms.

194.     Denies the allegations of Paragraph 194, except respectfully refers the Court to the referenced filings for complete and accurate statement of their contents and to the referenced counterclaim for a complete and accurate statement of its contents.

195.     Denies the allegations of Paragraph 195, except admits that the Plaintiffs have quoted out of context from the referenced letter to shareholders and respectfully refers the Court to the referenced letter, which is attached hereto as Exhibit GG, for a complete and accurate statement of its contents.

196.     Denies the allegations of Paragraph 196, except admits that (i) JPMC conducted due diligence provided by Washington Mutual and conducted its own internal analyses, (ii) on March 31, 2008, JPMC made an indication of a potential bid that was subject to many conditions, including additional due diligence, and (iii) JPMC made to the FDIC an offer to buy the assets, deposits and certain liabilities of WMB in September 2008 and

ultimately did so pursuant to the P&A Agreement, and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

197.    Paragraph 197 consists of legal conclusions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 197, except admits that JPMC did not acquire WMI's liabilities and respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their terms. JPMC avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

198.    Paragraph 198 consists of legal assertions as to which no response is required. To the extent a response is required, admits that JPMC was aware that it would acquire the Trust Preferred Securities under the P&A Agreement and respectfully refers the Court to the documents governing issuance and offering of the Trust Preferred Securities and the Capital Commitment Letters, which are attached hereto as Exhibits A-R and T-AA respectively, for complete and accurate statements of their contents, and otherwise denies the allegations of Paragraph 198.

199.    Paragraph 199 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 199, except admits that JPMSI is a subsidiary of JPMC and acted as an underwriter for the WaMu Delaware III offering.

200.    Paragraph 200 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 200.

# COUNT I
## DECLARATORY JUDGMENT
### (Against WMI, JPMC)

201.     JPMC incorporates its responses to Paragraphs 1, 2, 8-59, 71-72, 74-77, 79-83, and 84-89 as if fully set forth herein.

202.     Paragraph 202 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 202 and avers that any dispute between WMI and JPMC is resolved by the Plan and the incorporated Settlement Agreement and that Plaintiffs have no bona fide claim to ownership of the Trust Preferred Securities.

203.     Paragraph 203 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 203, except denies that there is any unsatisfied "condition" that affects ownership of the Trust Preferred Securities, avers that any dispute between WMI and JPMC is resolved by the Plan and the incorporated Settlement Agreement, and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

204.     Paragraph 204 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 204, denies that there is any unsatisfied "condition precedent" that affects ownership of the Trust Preferred Securities and avers that (i) JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement and (ii) it would be impossible for "ownership of the Trust Preferred Securities" to "remain[] with the Plaintiffs" following any event happening on or around

September 25, 2008, since upon information and belief many of the Plaintiffs only acquired their purported interests in the Trust Preferred Securities substantially later.

205.     Paragraph 205 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 205, denies that there is any "condition precedent" that affects ownership of the Trust Preferred Securities, denies that Plaintiffs own the Trust Preferred Securities, denies that Plaintiffs who purported to buy Trust Preferred Securities after September 25, 2008 actually ever owned Trust Preferred Securities such that ownership of Trust Preferred Securities could "remain[]" with those Plaintiffs or similarly situated investors, and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

206.     Paragraph 206 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the allegations of Paragraph 206, denies there is any "condition precedent" that affects ownership of the Trust Preferred Securities, denies that Plaintiffs own the Trust Preferred Securities, denies that Plaintiffs who purported to buy Trust Preferred Securities after September 25, 2008 actually ever owned Trust Preferred Securities such that ownership of Trust Preferred Securities could "remain[]" with those Plaintiffs or similarly situated investors, and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

207.     Paragraph 207 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 207.

208.     Paragraph 208 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 208, denies that there is any "transfer notation" that affects ownership of the Trust Preferred Securities and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

209.     Paragraph 209 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 209, except avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement and that the quoted contractual provision has no relevance to this dispute, and respectfully refers the Court to the P&A Agreement, which is attached hereto as Exhibit S, for a complete and accurate statement of its contents.

210.     Paragraph 210 consists of legal assertions as to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to any of the relief they purport to seek.

## COUNT II
## DECLARATORY JUDGMENT
## (Against WMI, JPMC)

211.     JPMC incorporates its responses to Paragraphs 1, 2, 8-59, 71-72, 74-77, 79-83, and 84-89 as if fully set forth herein.

212.     Paragraph 212 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 212 and avers that any dispute between WMI and JPMC is resolved by the Plan and the incorporated

Settlement Agreement and that Plaintiffs have no bona fide claim to ownership of the Trust Preferred Securities.

213.     Paragraph 213 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 213, except avers that any dispute between WMI and JPMC is resolved by the Plan and the incorporated Settlement Agreement and that Plaintiffs have no bona fide claim to ownership of the Trust Preferred Securities, denies there are any such requirements that affect ownership of the Trust Preferred Securities, and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

214.     Paragraph 214 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 214 and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

215.     Paragraph 215 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 215 and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

216.     Paragraph 216 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 216, denies that there is any "transfer notation" that affects ownership of the Trust Preferred Securities and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

217.     Paragraph 217 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 217, avers that the quoted contractual provision has no relevance to this dispute and that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement, and respectfully refers the Court to the P&A Agreement, which is attached hereto as Exhibit S, for a complete and accurate statement of its contents.

218.     Paragraph 218 consists of legal assertions as to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to any of the relief they purport to seek.

### COUNT III
### DECLARATORY JUDGMENT
### (Against WMI, JPMC)

219.     JPMC incorporates its responses to Paragraphs 1, 2, 8-59, 71-72, 74-77, 79-83, and 84-89 as if fully set forth herein.

220.     Paragraph 220 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 220 and avers that any dispute between WMI and JPMC is resolved by the Plan and the incorporated Settlement Agreement and that Plaintiffs have no bona fide claim to ownership of the Trust Preferred Securities.

221.     Paragraph 221 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 221, except admits any dispute between WMI and JPMC is resolved by the Plan and the incorporated Settlement

Agreement, denies that there is any "transfer restriction" that affects ownership of the Trust Preferred Securities and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

222. Paragraph 222 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 222 except respectfully refers the Court to the referenced Trust Preferred Securities and other governing documents, which are attached hereto as Exhibits A-R, for complete and accurate statements of their terms.

223. Paragraph 223 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 223, except respectfully refers the Court to the documents governing offering and issuance of the Trust Preferred Securities, which are attached hereto as Exhibits A-R, for complete and accurate statements of their terms, denies that there is any unsatisfied "condition" that affects ownership of the Trust Preferred Securities and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

224. Paragraph 224 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 224 and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

225. Paragraph 225 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 225 and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

226. Paragraph 226 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 226, denies that there is any "transfer notation" that affects ownership of the Trust Preferred Securities and avers that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement.

227. Paragraph 227 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 227, except avers that the quoted contractual provision has no relevance to this dispute and that JPMC acquired the Trust Preferred Securities pursuant to the P&A Agreement, and respectfully refers the Court to the P&A Agreement, which is attached hereto as Exhibit S, for a complete and accurate statement of its contents.

228. Paragraph 228 consists of legal assertions as to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to any of the relief they purport to seek.

## COUNT IV
## DECLARATORY JUDGMENT
## (Against WMI, JPMC)

229. JPMC incorporates its responses in the preceding paragraphs as if fully set forth herein.

230.     Paragraph 230 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 230 and avers that any dispute between WMI and JPMC is resolved by the Plan and the incorporated Settlement Agreement and that Plaintiffs have no bona fide claim to ownership of the Trust Preferred Securities.

231.     Paragraph 231 consists of legal assertions as to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to any of the relief they purport to seek.

232.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 232.

233.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 233.

234.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 234.

235.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 235 and avers that it was disclosed in connection with the issuance and offering of the Trust Preferred Securities that the OTS permitted the Trust Preferred Securities to be Tier 1 Capital of WMB.

236.     Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 236.

237. Denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 237.

238. Paragraph 238 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 238.

239. Paragraph 239 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 239.

240. Paragraph 240 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 240.

241. Paragraph 241 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 241.

242. Paragraph 242 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 242.

243. Paragraph 243 consists of legal assertions as to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to any of the relief they purport to seek.

## COUNT V
## DECLARATORY JUDGMENT
## (Against WMI)

244.    The allegations of Paragraph 244 of the Complaint are not directed to JPMC and therefore require no response.

245.    The allegations of Paragraph 245 of the Complaint are not directed to JPMC and therefore require no response.

246.    The allegations of Paragraph 246 of the Complaint are not directed to JPMC and therefore require no response.

247.    The allegations of Paragraph 247 of the Complaint are not directed to JPMC and therefore require no response.

248.    The allegations of Paragraph 248 of the Complaint are not directed to JPMC and therefore require no response.

249.    The allegations of Paragraph 249 of the Complaint are not directed to JPMC and therefore require no response. However, to the extent the relief being sought in this count would affect JPMC's ownership of the Trust Preferred Securities, denies that Plaintiffs are entitled to any of the relief they purport to seek.

## COUNT VI
## DECLARATORY JUDGMENT
## (Against JPMC)

250.    JPMC incorporates its responses in the preceding paragraphs as if fully set forth herein.

251. Paragraph 251 consists of legal assertions as to which no response is required. To the extent a response is required, denies or denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 251, except admits that JPMSI is a subsidiary of JPMC and acted as an underwriter for the WaMu Delaware III offering.

252. Denies the allegations of Paragraph 252.

253. Denies the allegations of Paragraph 253.

254. Denies the allegations of Paragraph 254, except admits that JPMC was aware that it would acquire ownership of the Trust Preferred Securities under the P&A Agreement.

255. Denies the allegations of Paragraph 255.

256. Denies the allegations of Paragraph 256, except admits that JPMC purchased certain assets, including the Trust Preferred Securities, and assumed certain liabilities from the FDIC pursuant to the P&A Agreement.

257. Paragraph 257 consists of legal assertions as to which no response is required. To the extent a response is required, denies the allegations of Paragraph 257.

258. Paragraph 258 consists of legal assertions as to which no response is required. To the extent a response is required, denies that Plaintiffs are entitled to any of the relief they purport to seek.

# COUNT VII
## FRAUD
### (Against WMPF, SPEs)

259. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after the entry of the Confirmation Order. Furthermore, the allegations of Paragraph 259 of the Complaint are not directed to JPMC and therefore require no response.

260. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 260 of the Complaint are not directed to JPMC and therefore require no response.

261. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 261 of the Complaint are not directed to JPMC and therefore require no response.

262. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 262 of the Complaint are not directed to JPMC and therefore require no response.

263. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 263 of the Complaint are not directed to JPMC and therefore require no response.

264. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 264 of the Complaint are not directed to JPMC and therefore require no response.

265. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 265 of the Complaint are not directed to JPMC and therefore require no response.

266. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 266 of the Complaint are not directed to JPMC and therefore require no response.

267. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 267 of the Complaint are not directed to JPMC and therefore require no response.

268. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 268 of the Complaint are not directed to JPMC and therefore require no response.

269.     By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order.  Furthermore, the allegations of Paragraph 269 of the Complaint are not directed to JPMC and therefore require no response.

270.     By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order.  Furthermore, the allegations of Paragraph 270 of the Complaint are not directed to JPMC and therefore require no response.

271.     By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order.  Furthermore, the allegations of Paragraph 271 of the Complaint are not directed to JPMC and therefore require no response.

272.     By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order.  Furthermore, the allegations of Paragraph 272 of the Complaint are not directed to JPMC and therefore require no response.

273.     By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order.  Furthermore, the allegations of Paragraph 273 of the Complaint are not directed to JPMC and therefore require no response.

274. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 274 of the Complaint are not directed to JPMC and therefore require no response.

275. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 275 of the Complaint are not directed to JPMC and therefore require no response.

276. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 276 of the Complaint are not directed to JPMC and therefore require no response.

## COUNT VIII
## NEGLIGENT MISREPRESENTATION
### (Against WMPF, SPEs)

277. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 277 of the Complaint are not directed to JPMC and therefore require no response.

278. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 278 of the Complaint are not directed to JPMC and therefore require no response.

279. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 279 of the Complaint are not directed to JPMC and therefore require no response.

280. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 280 of the Complaint are not directed to JPMC and therefore require no response.

281. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 281 of the Complaint are not directed to JPMC and therefore require no response.

282. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 282 of the Complaint are not directed to JPMC and therefore require no response.

283. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 283 of the Complaint are not directed to JPMC and therefore require no response.

284. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 284 of the Complaint are not directed to JPMC and therefore require no response.

285. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 285 of the Complaint are not directed to JPMC and therefore require no response.

286. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 286 of the Complaint are not directed to JPMC and therefore require no response.

## COUNT IX
## AIDING AND ABETTING FRAUD
## (Against WMPF)

287. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 287 of the Complaint are not directed to JPMC and therefore require no response.

288. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 288 of the Complaint are not directed to JPMC and therefore require no response.

289. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 289 of the Complaint are not directed to JPMC and therefore require no response.

290. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 290 of the Complaint are not directed to JPMC and therefore require no response.

291. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 291 of the Complaint are not directed to JPMC and therefore require no response.

292. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 292 of the Complaint are not directed to JPMC and therefore require no response.

293. By Order of the Court dated September 7, 2010, Defendants' obligation to answer or otherwise respond to claims and allegations in this count is stayed until 30 days after entry of the Confirmation Order. Furthermore, the allegations of Paragraph 293 of the Complaint are not directed to JPMC and therefore require no response.

## AFFIRMATIVE DEFENSES

In further response to the Complaint, upon information and belief and subject to further investigation and discovery, JPMC alleges the following affirmative defenses without assuming any burden of proof that JPMC does not otherwise bear:

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Court lacks subject matter jurisdiction over Plaintiffs' claims in this action.

### Third Affirmative Defense

FIRREA bars the Bankruptcy Court or any other court in the District of Delaware from exercising jurisdiction over Plaintiffs' claims.

### Fourth Affirmative Defense

Plaintiffs lack standing to maintain some or all of the claims alleged in the Complaint.

### Fifth Affirmative Defense

Plaintiffs are barred from seeking or obtaining some or all of the relief sought in the Complaint by the doctrines of waiver and/or estoppel.

### Sixth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, for failure to join one or more indispensable parties.

## Seventh Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by applicable banking rules, regulations and statutes.

## Eighth Affirmative Defense

Plaintiffs failed to exhaust their administrative remedies.

## Ninth Affirmative Defense

Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

## Tenth Affirmative Defense

Plaintiffs cannot be granted some or all of the relief they seek because they have unclean hands.

## Eleventh Affirmative Defense

Plaintiffs cannot be granted some or all of the relief they seek because JPMC is a holder in due course or a bona fide purchaser for value.

## Twelfth Affirmative Defense

Plaintiffs cannot be granted some or all of the relief they seek because even if they were to prevail on the merits of their claims, the remedy they seek is unavailable for their claims.

## Thirteenth Affirmative Defense

Plaintiffs' claims against JPMC, JPMorgan Chase & Co., WMPF, WaMu Cayman, WaMu Delaware I, WaMu Delaware II, WaMu Delaware III and WaMu Delaware IV

will be barred, released and/or extinguished if the Settlement Agreement is approved or the Plan is confirmed by the Bankruptcy Court.

WHEREFORE, Defendant JPMC demands judgment dismissing the claims against JPMC in their entirety and with prejudice, and awarding such additional relief to JPMC as the Court may deem just and proper.

Dated: September 14, 2009

Wilmington, Delaware

Respectfully submitted,

Adam G. Landis (No. 3407)
Matthew B. McGuire (No. 4366)
LANDIS RATH & COBB LLP
919 Market Street Suite 1800
Wilmington, DE 19899
Tel: (302) 467-4400
Fax: (302) 467-4450
landis@lrclaw.com

– and –

Robert A. Sacks
Stacey R. Friedman
Brian D. Glueckstein
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Tel: (212) 558-4000
Fax: (212) 558-3588
sacksr@sullcrom.com
friedmans@sullcrom.com
gluecksteinb@sullcrom.com

– and –

Brent J. McIntosh
SULLIVAN & CROMWELL LLP
1701 Pennsylvania Avenue, N.W.
Washington, DC 20006
Tel: (202) 956-7500
Fax: (202) 956-6330
mcintoshb@sullcrom.com