# EXHIBIT I

# WASHINGTON MUTUAL PREFERRED FUNDING TRUST IV
# FIXED-TO-FLOATING RATE PERPETUAL NON-CUMULATIVE TRUST SECURITIES

## EXCHANGE AGREEMENT

This EXCHANGE AGREEMENT (this "Agreement") is entered into as of October 25, 2007, among WASHINGTON MUTUAL PREFERRED FUNDING TRUST IV, a Delaware statutory trust, or successors and assigns ("WaMu Delaware IV"), WASHINGTON MUTUAL, INC., a Washington corporation or successors and assigns ("WMI"), and MELLON INVESTOR SERVICES LLC, a New Jersey limited liability company, or successors and assigns ("Depositary"), as Depositary.

## RECITALS

WHEREAS, WaMu Delaware IV will issue $1,000,000,000.00 Fixed-to-Floating Rate Perpetual Non-cumulative Trust Securities, with a liquidation preference of $100,000.00 per security (each, a "Trust Security");

WHEREAS, each Trust Security will be conditionally exchangeable into one hundred (100) newly issued depositary shares (each, a "Series N Depositary Share"), with each Series N Depositary Share representing a 1/1000th interest in one share of the Series N Perpetual Non-cumulative Fixed-to-Floating Rate Preferred Stock, no par value per share and having a liquidation preference of $1,000,000.00 per share, of WMI (the "Series N Fixed-to-Floating Rate WMI Preferred Stock");

WHEREAS, the parties hereto desire to ensure that in the event of the occurrence of circumstances requiring the exchange of the Trust Securities into the Series N Depositary Shares, WMI will be contractually bound unconditionally to make available Series N Depositary Shares sufficient for exchange of the Trust Securities, and to effect the exchange of all outstanding Trust Securities into Series N Depositary Shares.

## AGREEMENT

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which are hereby expressly acknowledged, the parties hereto, intending to be legally bound, hereby agree as follows:

SECTION I. Definitions. Whenever used in this Agreement, the following words and phrases, unless the context otherwise requires, shall have the following meanings:

"*Agreement*" has the meaning specified in the Preamble to this Agreement.

"*Business Combination*" has the meaning as specified in Section 3 of this Agreement.

"*Conditional Exchange*" means if the OTS so directs upon the occurrence of an Exchange Event, each Trust Security then outstanding shall be exchanged automatically for a like amount of Series N Depositary Shares.

17462654

"*Deposit Agreement*" means the Deposit Agreement, dated as of October 25, 2007, among WMI, Mellon Investor Services LLC, as Depositary, Mellon Investor Services LLC, as Registrar, and the holders from time to time of receipts evidencing the Depositary Shares (as defined therein), as amended or supplemented from time to time.

"*Depositary*" has the meaning specified in the Preamble to this Agreement.

"*Distribution Period*" has the meaning set forth in the LLC Agreement and, in respect of the Trust Securities, has the same meaning as if it applied to such securities.

An "*Exchange Event*" will occur when:

(a) WMB becomes undercapitalized under the OTS' "prompt corrective action" regulations at 12 C.F.R. Part 565 (and including any successor regulations);

(b) WMB is placed into conservatorship or receivership; or

(c) the OTS, in its sole discretion, anticipates WMB becoming undercapitalized in the near term or takes a supervisory action that limits the payment of dividends by WMB and in connection therewith directs a Conditional Exchange.

"*like amount*" means, when used in connection with a Conditional Exchange of one or more Trust Securities for Series N Depositary Shares, a number of Series N Depositary Shares representing Series N Fixed-to-Floating Rate WMI Preferred Stock having an aggregate liquidation preference equal to the aggregate liquidation preference of such Trust Securities (i.e., for each Trust Security, 100 Series N Depositary Shares).

"*Fixed-to-Floating Rate Company Preferred Securities*" means the Series 2007-B Fixed-to-Floating Rate Perpetual Non-cumulative Preferred Securities, with a liquidation preference of $1,000 per share and $1 billion in the aggregate, of the LLC.

"*Fixed-to-Floating Rate Substitute Preferred Stock*" means a class or series of equity securities of a Successor Entity having the preferences, limitations and relative rights in its articles or certificate of incorporation or other constituent documents that are substantially similar to those set forth in WMI's articles of amendment to WMI's amended and restated articles of incorporation, as amended, establishing the Series N Fixed-to-Floating Rate WMI Preferred Stock.

"*Fixed-to-Floating Rate Successor Depositary Share*" means a depositary share substantially similar to a Series N Depositary Share representing an interest in the Fixed-to-Floating Rate Substitute Preferred Stock.

"*LLC*" means Washington Mutual Preferred Funding LLC, a Delaware limited liability company.

"*LLC Agreement*" means the Fourth Amended and Restated Limited Liability Company Agreement of Washington Mutual Preferred Funding LLC, a Delaware limited liability company, dated as of October 25, 2007, by and among University Street, Inc., as initial Common

Securityholder (as defined therein), Washington Mutual Preferred Funding (Cayman) I Ltd., Washington Mutual Preferred Funding Trust I, Washington Mutual Preferred Funding Trust II, Washington Mutual Preferred Funding Trust III, and WaMu Delaware IV, each as a Company Preferred Securityholder (as defined therein), and the Persons (as defined therein) who may from time to time become additional Securityholders (as defined therein) of Washington Mutual Preferred Funding LLC in accordance with the provisions thereof.

"*OTS*" means the United States Office of Thrift Supervision or any successor United States Federal bank or thrift regulatory authority agency that is the primary supervisory agency for WMB.

"*Period*" means, in connection with the Fixed-to-Floating Rate Company Preferred Securities and the Trust Securities, the applicable Distribution Period.

"*Person*" means any individual, corporation, association, partnership (general or limited), joint venture, trust, estate, limited liability company, or any legal entity or organization.

"*Preamble*" means the preamble to this Agreement

"*Property Trustee*" means Wilmington Trust Company, acting not in its individual capacity but solely as Property Trustee on behalf of WaMu Delaware IV pursuant to the Trust Agreement.

"*Recitals*" means the recitals to this Agreement.

"*Register*" has the meaning set forth in the Trust Agreement.

"*Series N Depositary Share*" has the meaning specified in the Recitals to this Agreement.

"*Series N Fixed-to-Floating Rate WMI Preferred Stock*" has the meaning specified in the Recitals to this Agreement.

"*Successor Entity*" means a corporation designated by the Board of Directors of WMI (i) that is the surviving, resulting or receiving corporation, as applicable, in any Business Combination, (ii) the securities of which are received in a Business Combination by some or all holders of WMI voting shares or (iii) that the Board of Directors of WMI determines to be an acquiror of WMI in a Business Combination.

"*Trust Agreement*" means the Amended and Restated Trust Agreement of Washington Mutual Preferred Funding Trust IV, dated as of October 25, 2007, among Washington Mutual Preferred Funding LLC, as Grantor, Wilmington Trust Company, as Delaware Trustee, and Wilmington Trust Company, as Property Trustee.

"*Trust Security*" has the meaning specified in the Recitals to this Agreement.

"*WaMu Delaware IV*" has the meaning specified in the Preamble to this Agreement.

"*WMB*" means Washington Mutual Bank, a federally charted savings association.

"*WMI*" has the meaning specified in the Preamble to this Agreement.

SECTION 2. Exchange of Trust Securities. If at any time after the issuance and sale of the Trust Securities, the OTS directs in writing that the Trust Securities be exchanged into a like amount of Series N Depositary Shares following the occurrence of an Exchange Event, then:

(a) each holder of Trust Securities shall be unconditionally obligated to surrender to WMI any certificate representing the Trust Securities as set forth in the Trust Agreement;

(b) WMI shall immediately and unconditionally issue 1,000 shares of Series N Fixed-to-Floating Rate WMI Preferred Stock and deposit such shares with the Depositary;

(c) effective on the date and time of the Conditional Exchange, WaMu Delaware IV shall record, or cause to be recorded, in the Register WMI as owner of all of the Trust Securities, as transferee from the Persons who are holders of Trust Securities immediately prior to such date and time; and

(d) upon receipt of the 1,000 shares of Series N Fixed-to-Floating Rate WMI Preferred Stock, the Depositary shall issue a like amount of Series N Depositary Shares and deliver to WMI receipts evidencing such Series N Depositary Shares and, in turn, WMI shall deliver such receipts to the holders of record of the Trust Securities upon surrender of the certificates representing the Trust Securities.

Until receipts evidencing Series N Depositary Shares are delivered or in the event such replacement receipts are not delivered, any certificates previously representing the Trust Securities shall be deemed for all purposes to represent Series N Depositary Shares.

SECTION 3. Permitted Assignment. (a) In the event that prior to the occurrence of a Conditional Exchange, WMI effects, or is, the subject of a merger, consolidation, statutory share exchange, sale of all or substantially all of its assets or other form of business combination, (i) in which WMI is not the surviving, resulting or receiving corporation thereof or (ii) if WMI is the surviving or resulting corporation, shares representing a majority of WMI's total voting power are either converted or exchanged into securities of another person or into cash or other property (any such transaction in either (i) or (ii) being a "*Business Combination*"), then WMI (i) shall not enter into such Business Combination unless the Successor Entity agrees, effective upon the consummation of such Business Combination, to abide by all of WMI's obligations under the provisions of this Agreement restricting the payment of dividends by WMI in the event dividends are not paid with respect to the Fixed-to-Floating Rate Company Preferred Securities and (ii) may, at the election of the Board of Directors of WMI prior to the effectiveness of such Business Combination, assign, effective upon the consummation of such Business Combination, all of its obligations and rights under this Agreement to a Successor Entity that has Fixed-to-Floating Rate Substitute Preferred Stock and, as a result of such assignment, all references to Series N Fixed-to-Floating Rate WMI Preferred Stock and Series N Depositary Share shall become and be deemed to be references to such Successor Entity, to such Fixed-to-Floating Rate Substitute Preferred Stock, to a Fixed-to-Floating Rate Successor Depositary Share.

(b) This Section 3 shall apply to any subsequent Business Combination *mutatis mutandis*.

SECTION 4. Depositary Warranty as to this Agreement. The Depositary hereby represents and warrants that this Agreement, when executed, will be the legal, valid and binding obligation of the Depositary, enforceable against the Depositary in accordance with its terms, except as such enforceability may be limited by applicable bankruptcy, insolvency, moratorium and other laws affecting creditors' rights generally and by general equity principles.

SECTION 5. Representations and Warranties of WMI. WMI hereby represents and warrants that and the Series N Fixed-to-Floating Rate WMI Preferred Stock will, in each case, upon issuance, rank senior, in respect of the right to receive dividends and the right to receive payment out of the assets of WMI, upon voluntary or involuntary dissolution, winding-up or termination of WMI, to WMI's common stock and at least *pari passu* with the most senior preferred stock of WMI, if any, then outstanding, and to any other preferred stock that WMI may issue in the future.

SECTION 6. Additional Covenants of WMI.

WMI hereby covenants and agrees that:

(a) WMI Dividend Stopper. If full dividends or distributions, as applicable, on (i) the Fixed-to-Floating Company Preferred Securities or (ii) the Trust Securities, have not been declared and paid, in each case, for the applicable Period, then WMI shall not declare or pay dividends with respect to, or redeem, purchase or acquire or make a liquidation payment with respect to any of its capital securities, except dividends in connection with a shareholders' rights plan, if any, or dividends in connection with benefits plans, during the next succeeding Period.

(b) WMI Preferred Stock. Prior to the issuance of the Series N Fixed-to-Floating Rate WMI Preferred Stock, WMI will not issue any class or series of preferred stock ranking senior to the Series N Fixed-to-Floating Rate WMI Preferred Stock in respect of the right to receive dividends and the right to receive payments out of the assets of WMI, upon voluntary or involuntary dissolution, winding-up or termination of WMI. WMI hereby covenants and agrees to reserve the Series N Fixed-to-Floating Rate WMI Preferred Stock for issuance in accordance with the terms hereof.

(c) Third-Party Beneficiaries. The holders the Trust Securities shall be express third-party beneficiaries of WMI's representations and warranties set forth in Section 5 and WMI's covenants set forth in this Section 6.

SECTION 7. Depositary. All rights and indemnities of the Depositary shall be the same as the rights and indemnities of the Depositary under the Deposit Agreement as if such provisions were specifically set forth herein.

SECTION 8. Notices. (a) All notices provided for in this Agreement shall be in writing, duly signed by the party giving such notice, and shall be delivered, telecopied or mailed by registered or certified mail, as follows:

If given to WMI, at the address set forth below:

>Washington Mutual, Inc.
>Attention: Corporate Secretary
>1301 Second Avenue, WMC 3501
>Seattle, Washington 98101
>
>Telephone: (206) 500-4347
>Facsimile: (206) 377-2236
>email: charles.e.smith@wamu.net

If given to WaMu Delaware IV, at the address set forth below:

>Washington Mutual Preferred Funding Trust IV
>c/o Wilmington Trust Company
>1100 North Market St.
>Wilmington, DE 19890
>
>Attention: Corporate Trust Administration
>Facsimile: (302) 636-4140
>Telephone: (302) 651-1000

With a copy to:

>Richards, Layton & Finger, P.A.
>One Rodney Square
>920 King St.
>Wilmington, DE 19801
>
>Attention: Corporate Trust Group
>Facsimile: (302) 651-7701
>Telephone: (302) 651-7500

If given to the Depositary, at the address set forth below:

>Mellon Investor Services LLC
>480 Washington Blvd
>Jersey City, NJ 07310
>
>Attention: Corporate Trust Administration
>Facsimile: (302) 636-4140
>Telephone: (302) 651-1000

With a copy to:

Mellon Investor Services LLC
480 Washington Blvd
Jersey City, NJ 07310

Attention: Legal Department
Facsimile: (201) 680-4610
Telephone: (201) 680-2198

(b) Each such notice, request or other communication shall be effective (i) if given by telecopier, when transmitted to the number specified in such registration books and the appropriate confirmation is received, (ii) if given by mail, 72 hours after such communication is deposited in the mails with first class postage prepaid, addressed as aforesaid, or (iii) if given by any other means, when delivered at the address specified above.

SECTION 9. Governing Law. THIS AGREEMENT AND ALL RIGHTS HEREUNDER AND PROVISIONS HEREOF SHALL BE GOVERNED BY, AND CONSTRUED IN ACCORDANCE WITH, THE LAWS OF THE STATE OF NEW YORK (WITHOUT REFERENCE TO APPLICABLE CONFLICTS OF LAW PROVISIONS).

SECTION 10. Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be an original as against any party whose signature appears thereon and all of which together shall constitute one and the same instrument. This Agreement shall become binding when one or more counterparts hereof, individually or taken together, shall bear the signatures of all of the parties reflected hereon as signatories.

SECTION 11. Liability of Property Trustee. It is expressly understood and agreed that (a) this Agreement is executed and delivered by Wilmington Trust Company, not individually or personally, but solely as Property Trustee, in the exercise of the powers and authority conferred and vested in it, pursuant to the Trust Agreement, (b) each of the representations, undertakings and agreements herein made on the part of WaMu Delaware IV is made and intended not as personal representations, undertakings and agreements by Wilmington Trust Company but is made and intended for the purpose for binding only WaMu Delaware IV, (c) nothing herein contained shall be construed as creating any liability on Wilmington Trust Company, individually or personally, to perform any covenant either expressed or implied contained herein, all such liability, if any, being expressly waived by the parties hereto and by any person claiming by, through or under the parties hereto, and (d) under no circumstances shall Wilmington Trust Company be personally liable for the payment of any indebtedness or expenses of WaMu Delaware IV or be liable for the breach or failure of any obligation, representation, warranty or covenant made or undertaken by WaMu Delaware IV under this Agreement or any other related documents.

IN WITNESS WHEREOF, the parties hereto have executed this Agreement as of the day and year first above written.

WASHINGTON MUTUAL PREFERRED
FUNDING TRUST IV

By: Wilmington Trust Company, acting not in its individual capacity, but solely as Property Trustee

By: _____
Name:  Mary C St. Amand
Title:  Vice President

WASHINGTON MUTUAL, INC.

By: _____
Name: Peter Freilinger
Title: Senior Vice President

MELLON INVESTOR SERVICES LLC,
as Depositary

By: _____
Name: Dennis Treibel
Title: Relationship Manager