WASHINGTON MUTUAL PREFERRED FUNDING (CAYMAN) I LTD.

| | |
|---|---|
| Number | Series A-2 Preferred Securities |
| **001** | 44,770, or such greater or lesser number as shall be set forth on the Register of Members of the Company |

CUSIP No.: G9463G AA 6

THIS SECURITY IS ONE OF THE 7.25% PERPETUAL NON-CUMULATIVE PREFERRED SECURITIES, SERIES A-2 ("SERIES A-2 WAMU CAYMAN PREFERRED SECURITIES") ISSUED BY WASHINGTON MUTUAL PREFERRED FUNDING (CAYMAN) I LTD. ("WAMU CAYMAN"). THIS SECURITY HAS NOT BEEN REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933, AS AMENDED (THE "SECURITIES ACT"), AND NEITHER THIS SECURITY NOR ANY BENEFICIAL INTERESTS HEREIN MAY BE OFFERED, SOLD, PLEDGED OR OTHERWISE TRANSFERRED EXCEPT (1) IN AN OFFSHORE TRANSACTION MEETING THE REQUIREMENTS OF REGULATION S UNDER THE SECURITIES ACT TO A PERSON OTHER THAN A U.S. PERSON, OR (2) IN RELIANCE UPON RULE 144A UNDER THE SECURITIES ACT IN A TRANSACTION INVOLVING AN EXCHANGE OF THIS SECURITY FOR A LIKE AMOUNT OF 7.25% PERPETUAL NON-CUMULATIVE PREFERRED SECURITIES, SERIES A-1, OF WAMU CAYMAN, WHICH IS ALSO THE ISSUER OF THIS SECURITY, BUT ONLY UPON RECEIPT BY WAMU CAYMAN'S TRANSFER AGENT OF A WRITTEN CERTIFICATE ON BEHALF OF THE TRANSFEROR TO THE EFFECT THAT SUCH TRANSFER IS BEING MADE TO A PERSON WHO THE TRANSFEROR REASONABLY BELIEVES IS BOTH A "QUALIFIED INSTITUTIONAL BUYER" WITHIN THE MEANING OF RULE 144A UNDER THE SECURITIES ACT ("QUALIFIED INSTITUTIONAL BUYER") AND A "QUALIFIED PURCHASER" WITHIN THE MEANING OF SECTION 2(a)(51) OF THE U.S. INVESTMENT COMPANY ACT OF 1940, AS AMENDED ("QUALIFIED PURCHASER"), ACQUIRING FOR ITS OWN ACCOUNT OR THE ACCOUNT OF A QUALIFIED INSTITUTIONAL BUYER WHO IS ALSO A QUALIFIED PURCHASER (AN "ELIGIBLE PURCHASER") IN A TRANSACTION MEETING THE REQUIREMENTS OF RULE 144A UNDER THE SECURITIES ACT AND IN ACCORDANCE WITH ALL APPLICABLE LAWS OF THE STATES OF THE UNITED STATES AND OTHER JURISDICTIONS. EACH PURCHASER OF THIS SECURITY OR ANY BENEFICIAL INTERESTS HEREIN WILL BE DEEMED TO REPRESENT THAT IT AGREES TO COMPLY WITH THE TRANSFER RESTRICTIONS SET FORTH HEREIN AND IN THE MEMORANDUM AND ARTICLES OF ASSOCIATION OF WAMU CAYMAN (AS AMENDED, THE "ARTICLES OF ASSOCIATION"), AND WILL NOT TRANSFER THIS SECURITY OR ANY BENEFICIAL INTERESTS HEREIN EXCEPT TO A PURCHASER WHO CAN MAKE THE SAME REPRESENTATIONS AND AGREEMENTS ON BEHALF OF ITSELF AND EACH ACCOUNT FOR WHICH IT IS PURCHASING. ANY

PURPORTED TRANSFER OF THIS SECURITY OR ANY BENEFICIAL INTERESTS HEREIN THAT IS IN BREACH, AT THE TIME MADE, OF ANY TRANSFER RESTRICTIONS SET FORTH HEREIN OR IN THE ARTICLES OF ASSOCIATION WILL BE VOID AB INITIO. IF AT ANY TIME WAMU CAYMAN DETERMINES IN GOOD FAITH THAT A HOLDER OR BENEFICIAL OWNER OF THIS SECURITY OR BENEFICIAL INTERESTS HEREIN IS IN BREACH, AT THE TIME GIVEN, OF ANY OF THE TRANSFER RESTRICTIONS SET FORTH HEREIN, WAMU CAYMAN SHALL CONSIDER THE ACQUISITION OF THIS SECURITY OR SUCH BENEFICIAL INTERESTS VOID, OF NO FORCE AND EFFECT AND WILL NOT, AT THE DISCRETION OF WAMU CAYMAN, OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO WAMU CAYMAN, ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE OR PAYMENT (THE "TRANSFER AGENT"), OR ANY OTHER INTERMEDIARY. IN ADDITION, WAMU CAYMAN OR ITS TRANSFER AGENT MAY REQUIRE SUCH ACQUIRER OR BENEFICIAL OWNER TO SELL THIS SECURITY OR SUCH BENEFICIAL INTERESTS TO AN ELIGIBLE PURCHASER.

NO SECURITY MAY BE PURCHASED OR TRANSFERRED TO: (I) AN "EMPLOYEE BENEFIT PLAN" AS DEFINED IN SECTION 3(3) OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AS AMENDED ("ERISA"), WHETHER OR NOT SUBJECT TO ERISA AND INCLUDING, WITHOUT LIMITATION, FOREIGN OR GOVERNMENTAL PLANS, (II) A "PLAN" WITHIN THE MEANING OF SECTION 4975 OF THE INTERNAL REVENUE CODE OF 1986, AS AMENDED (THE "CODE"), OR (III) ANY ENTITY WHOSE UNDERLYING ASSETS INCLUDE "PLAN ASSETS" OF ANY OF THE FOREGOING BY REASON OF INVESTMENT BY AN EMPLOYEE BENEFIT PLAN OR OTHER PLAN IN SUCH ENTITY (EACH OF THE FOREGOING, A "BENEFIT PLAN INVESTOR"), EXCEPT FOR AN INSURANCE COMPANY GENERAL ACCOUNT THAT REPRESENTS, WARRANTS AND COVENANTS THAT, AT THE TIME OF ACQUISITION AND THROUGHOUT THE PERIOD IT HOLDS THE SECURITIES, (I) IT IS ELIGIBLE FOR AND MEETS THE REQUIREMENTS OF THE DEPARTMENT OF LABOR PROHIBITED TRANSACTION CLASS EXEMPTION 95-60, (II) LESS THAN 25% OF THE ASSETS OF SUCH GENERAL ACCOUNT ARE (OR REPRESENT) ASSETS OF A BENEFIT PLAN INVESTOR AND (III) IT IS NOT A PERSON WHO HAS DISCRETIONARY AUTHORITY OR CONTROL WITH RESPECT TO THE ASSETS OF WAMU CAYMAN OR ANY PERSON WHO PROVIDES INVESTMENT ADVICE FOR A FEE (DIRECT OR INDIRECT) WITH RESPECT TO SUCH ASSETS, OR ANY AFFILIATE OF SUCH PERSON AND WOULD NOT OTHERWISE BE EXCLUDED UNDER 29 C.F.R. 2510.3-101(F)(1).

UNLESS THIS SECURITY IS PRESENTED BY AN AUTHORIZED REPRESENTATIVE OF THE DEPOSITORY TRUST COMPANY, A NEW YORK CORPORATION ("DTC"), TO WAMU CAYMAN OR THE TRANSFER AGENT, AND ANY CERTIFICATE ISSUED IS REGISTERED IN THE NAME OF CEDE &

CO. OR IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO. OR TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE, OR OTHER USE HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN INTEREST HEREIN.

Washington Mutual Preferred Funding (Cayman) I Ltd. (the "Company") is an exempted company incorporated under the laws of the Cayman Islands with US $48,793 authorized share capital divided into: (i) 1,000 Ordinary Securities of par value US $1.00 each, (ii) 7,500 Series A-1 Preferred Securities of par value US $1.00 per share and liquidation preference US $100,000 each; and (iii) 75,000 Series A-2 Preferred Securities of par value US $1.00 per share and liquidation preference US $10,000 each.

THIS IS TO CERTIFY THAT     **CEDE & CO.**     is the

registered holder of--- **44,770, or such greater or lesser number as shall be set forth on the Register of Members of the Company** -----Series A-2 Preferred Securities

in the Company subject to the Memorandum and Articles of Association thereof.

WASHINGTON MUTUAL PREFERRED FUNDING (CAYMAN) I LTD.
Series A-2 Preferred Securities

EXECUTED for and on behalf of the Company on this 7th day of March, 2006

DIRECTOR  _____