## WAMU 2006-OA1 CERTIFICATE

### Class R-2

Evidencing a beneficial interest in a pool of mortgage loans consisting of, among other things, mortgage loans and all related assets, with the entitlements related thereto as set forth in the Pooling Agreement.

ANY RESALE, TRANSFER OR OTHER DISPOSITION OF THIS CERTIFICATE MAY BE MADE ONLY IF THE PROPOSED TRANSFEREE PROVIDES A TRANSFER AFFIDAVIT TO THE COMPANY AND THE TRUSTEE THAT (1) SUCH TRANSFEREE IS NOT EITHER (A) THE UNITED STATES, ANY STATE OR POLITICAL SUBDIVISION THEREOF, ANY FOREIGN GOVERNMENT, ANY INTERNATIONAL ORGANIZATION, OR ANY AGENCY OR INSTRUMENTALITY OF ANY OF THE FOREGOING, (B) ANY ORGANIZATION (OTHER THAN A COOPERATIVE DESCRIBED IN SECTION 521 OF THE CODE) WHICH IS EXEMPT FROM THE TAX IMPOSED BY CHAPTER 1 OF THE CODE UNLESS SUCH ORGANIZATION IS SUBJECT TO THE TAX IMPOSED BY SECTION 511 OF THE CODE, (C) ANY ORGANIZATION DESCRIBED IN SECTION 1381(a)(2)(C) OF THE CODE (ANY SUCH PERSON DESCRIBED IN THE FOREGOING CLAUSES (A), (B), OR (C) BEING HEREINAFTER REFERRED TO AS A "DISQUALIFIED ORGANIZATION"), OR (D) AN AGENT OF A DISQUALIFIED ORGANIZATION AND (2) NO PURPOSE OF SUCH TRANSFER IS TO ENABLE THE TRANSFEROR TO IMPEDE THE ASSESSMENT OR COLLECTION OF TAX. SUCH AFFIDAVIT SHALL INCLUDE CERTAIN REPRESENTATIONS AS TO THE FINANCIAL CONDITION OF THE PROPOSED TRANSFEREE. NOTWITHSTANDING THE REGISTRATION IN THE CERTIFICATE REGISTER OF ANY TRANSFER, SALE OR OTHER DISPOSITION OF THIS CLASS R CERTIFICATE TO A DISQUALIFIED ORGANIZATION OR AN AGENT OF A DISQUALIFIED ORGANIZATION, SUCH REGISTRATION SHALL BE DEEMED TO BE OF NO LEGAL FORCE OR EFFECT WHATSOEVER AND SUCH PERSON SHALL NOT BE DEEMED TO BE A CERTIFICATEHOLDER FOR ANY PURPOSE HEREUNDER, INCLUDING, BUT NOT LIMITED TO, THE RECEIPT OF DISTRIBUTIONS ON THIS CERTIFICATE. EACH HOLDER OF THE CLASS R CERTIFICATE BY ACCEPTANCE OF THIS CERTIFICATE SHALL BE DEEMED TO HAVE CONSENTED TO THE PROVISIONS OF THIS PARAGRAPH.

IN THE CASE OF ANY CLASS R CERTIFICATE PRESENTED FOR REGISTRATION IN THE NAME OF ANY PERSON THAT IS NOT THE INITIAL HOLDER OF SUCH CERTIFICATE, THE TRUSTEE SHALL REQUIRE (I) A TRANSFEREE AFFIDAVIT AND AGREEMENT IN THE FORM DESCRIBED IN SECTION 5.01(c) OF THE POOLING AGREEMENT AND (II) IF SO INDICATED IN SUCH TRANSFEREE AFFIDAVIT AND AGREEMENT, AN OPINION OF COUNSEL ACCEPTABLE TO AND IN FORM AND SUBSTANCE SATISFACTORY TO THE TRUSTEE AND THE COMPANY TO THE EFFECT THAT THE PURCHASE AND HOLDING OF A CLASS R CERTIFICATE ARE PERMISSIBLE UNDER APPLICABLE LAW, WILL NOT CONSTITUTE OR RESULT IN A NON-EXEMPT PROHIBITED TRANSACTION UNDER SECTION 406 OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AS AMENDED ("ERISA"), OR SECTION 4975 OF THE CODE AND WILL NOT SUBJECT THE TRUST, THE TRUSTEE, THE DELAWARE TRUSTEE, THE SERVICER OR THE COMPANY TO ANY OBLIGATION OR LIABILITY (INCLUDING OBLIGATIONS OR LIABILITIES UNDER SECTION 406 OF ERISA OR SECTION 4975 OF THE CODE) IN ADDITION TO THOSE UNDERTAKEN IN THE POOLING AGREEMENT, WHICH OPINION OF COUNSEL SHALL NOT BE AN EXPENSE OF THE TRUST, THE TRUSTEE, THE DELAWARE TRUSTEE, THE SERVICER OR THE COMPANY.

This Certificate is issued by WAMU 2006-OA1. Solely for U.S. federal income tax purposes, this Certificate represents a "residual interest" in a "real estate mortgage investment conduit," as those terms are defined in Sections 860G and 860D, respectively, of the Internal Revenue Code of 1986, as amended.

| | | |
|---|---|---|
| Series 2006-1 | Percentage Interest evidenced by this Class R Certificate in the distributions to be made with respect to the Class R Certificates: | 0.01% |

Class R Certificate Interest Rate: None payable.
Cut-Off Date: November 30, 2006
First Distribution Date: January 25, 2007

WASHINGTON MUTUAL PREFERRED
FUNDING LLC

_____
Registered Owner
Certificate No. 1

17418974

This Certificate does not represent an obligation of or interest in Washington Mutual Bank or any of its affiliates. Neither this Certificate nor the underlying Mortgage Loans are guaranteed by any agency or instrumentality of the United States.

This certifies that the above-named Registered Owner is the registered owner of certain interests in a pool of assets ("REMIC II") consisting of, among other things, mortgage loans (the "Mortgage Loans"), formed by Washington Mutual Bank (the "Company"), which term includes any successor entity under the Pooling Agreement referred to below. REMIC II was created pursuant to a Pooling and Servicing Agreement, dated as December 13, 2006 (the "Pooling Agreement"), among the Company, as Servicer, Washington Mutual Preferred Funding LLC, as Depositor, Deutsche Bank National Trust Company, as Trustee (the "Trustee"), and Deutsche Bank Trust Company Delaware, as Delaware Trustee, a summary of certain of the pertinent provisions of which is set forth hereafter. To the extent not defined herein, the capitalized terms used herein have the meanings assigned in the Pooling Agreement. Nothing herein shall be deemed inconsistent with such meanings, and in the event of any conflict between the Pooling Agreement and the terms of this Certificate, the Pooling Agreement shall control. This Certificate is issued under and is subject to the terms, provisions and conditions of the Pooling Agreement, to which Pooling Agreement the Holder of this Certificate, by virtue of the acceptance hereof, assents and by which such Holder is bound.

Distributions will be made, pursuant to the Pooling Agreement, on the 25th day of each month or, if such 25th day is not a Business Day, the Business Day immediately succeeding such 25th day (the "Distribution Date"), commencing on the first Distribution Date specified above, to the Person in whose name this Certificate is registered at the close of business on the last Business Day of the month immediately preceding the month of the related Distribution Date (the "Record Date"), to the extent of such Certificateholder's Percentage Interest represented by this Certificate in the portions (if any) then distributable on the Certificates of this Class of the Available Distribution Amount for such Distribution Date, as specified in Section 4.01 of the Pooling Agreement.

Distributions on this Certificate will be made by the Trustee by wire transfer to the account of each Certificateholder of record on the immediately preceding Record Date, as specified by each such Certificateholder in the Certificate Register. Notwithstanding the above, the final distribution on this Certificate will be made after due notice by the Trustee of the pendency of such distribution and only upon presentation and surrender of this Certificate to the Certificate Registrar.

Reference is hereby made to the further provisions of this Certificate set forth below, which further provisions shall for all purposes have the same effect as if set forth at this place.

Unless the certificate of authentication hereon has been executed by or on behalf of the Trustee, by manual signature, this Certificate shall not be entitled to any benefit under the Pooling Agreement or be valid for any purpose.

17418974

IN WITNESS WHEREOF, the Trust has caused this Certificate to be duly executed.

           WAMU 2006-OA1
           By:  DEUTSCHE BANK NATIONAL TRUST
                COMPANY, not in its individual capacity but solely
                as Trustee

           By: _[signature]_

(TRUSTEE'S CERTIFICATE OF AUTHENTICATION)

This is one of the Certificates referred to in the within-mentioned Pooling Agreement.

DEUTSCHE BANK NATIONAL TRUST COMPANY,
not in its individual capacity but solely as Trustee

By: _[signature]_
Dated: _____

17418974

WASHINGTON MUTUAL BANK

WAMU 2006-OA1 CERTIFICATE

This Certificate is one of a duly authorized issue of Certificates designated as WAMU 2006-OA1 Certificates of the Series and Class specified hereon (herein called the "Certificates") and representing certain interests in REMIC II.

The Certificates do not represent an obligation of, or an interest in, the Company or any of its affiliates and are not insured or guaranteed by any governmental agency. The Certificates are limited in right of payment to certain collections and recoveries respecting the Mortgage Loans, all as more specifically set forth herein and in the Pooling Agreement. In the event funds are advanced with respect to any Mortgage Loan, such advance is reimbursable to the Servicer from the related recoveries on such Mortgage Loan or from amounts received with respect to other Mortgage Loans to the extent that such advance is not otherwise recoverable.

As provided in the Pooling Agreement, withdrawals from the Certificate Account may be made from time to time for purposes other than distributions to Certificateholders, such purposes including reimbursement to the Servicer of advances made, or certain expenses incurred, by it.

The Pooling Agreement permits, subject to certain conditions, the amendment thereof by mutual consent of the Company, the Servicer, the Trustee and the Delaware Trustee.

As provided in the Pooling Agreement and subject to certain limitations therein set forth, the transfer of this Certificate is registrable in the Certificate Register upon surrender of this Certificate for registration of transfer at the office maintained by the Trustee for such purposes, duly endorsed by, or accompanied by an assignment in the form below or other written instrument of transfer in form satisfactory to the Trustee or any Authenticating Agent and duly executed by, the Holder hereof or such Holder's attorney duly authorized in writing, and thereupon one or more new Certificates of Authorized Denominations evidencing the same Percentage Interest set forth hereinabove will be issued to the designated transferee or transferees.

The Certificates are issuable only as registered Certificates without coupons in Authorized Denominations specified in the Pooling Agreement. As provided in the Pooling Agreement and subject to certain limitations therein set forth, Certificates are exchangeable for new Certificates of Authorized Denominations of like Certificate Principal Balance or Percentage Interest, as applicable, as requested by the Holder surrendering the same.

A reasonable service charge may be made for any such registration of transfer or exchange, and the Trustee may require payment of a sum sufficient to cover any tax or other governmental charge payable in connection therewith.

The Company, the Servicer, the Trust, the Trustee, the Delaware Trustee and any agent of any of them may treat the Person in whose name this Certificate is registered as the owner hereof for all purposes, and none of the Company, the Servicer, the Trust, the Trustee, the Delaware Trustee, the Certificate Registrar nor any agent thereof shall be affected by notice to the contrary.

The obligations created by the Pooling Agreement and the Trust created thereby shall terminate upon (i) the later of the final payment or other liquidation (including purchase by the Servicer) of the last Mortgage Loan owned by the Trust or the disposition of all property acquired upon foreclosure or deed in

17418974

lieu of foreclosure of any Mortgage Loan, and (ii) the payment to Certificateholders of all amounts required to be paid to them pursuant to the Pooling Agreement. The Pooling Agreement permits, but does not require, the Servicer to purchase from the Trust all Mortgage Loans at the time subject thereto and all property acquired by the Trust in respect of any Mortgage Loan upon payment to the Certificateholders of the amounts specified in the Pooling Agreement. The exercise of such right will effect early retirement of the Certificates, the Servicer's right to purchase being subject to the aggregate principal balance of the Mortgage Loans at the time of purchase being less than the Clean-Up Call Percentage of the aggregate principal balance of the Mortgage Loans as of the Cut-Off Date.



17418974

## ASSIGNMENT

FOR VALUE RECEIVED the undersigned hereby sell(s) and assign(s) and transfer(s) unto

_____

_____

(Please print or typewrite name and address, including postal zip code of assignee. Please insert social security or other identifying number of assignee.)

the within WAMU 2006-OA1 Certificate and hereby irrevocably constitutes and appoints

_____

Attorney to transfer said Certificate on the Certificate Register, with full power of substitution in the premises.

Dated: _____    _____
                             Signature Guaranteed

_____

NOTICE: The signature to this assignment must correspond with the name as written upon the face of the within instrument in every particular, without alteration or enlargement or any change whatever. This Certificate does not represent an obligation of or an interest in Washington Mutual Bank or any of its affiliates. Neither this Certificate nor the underlying Mortgage Loans are guaranteed by any agency or instrumentality of the United States.

17418974