# EXHIBIT R

| No. 001 | Number of Trust Securities: 5,000 |
|---|---|
|  | CUSIP No.: 93936TAA8 |

## WASHINGTON MUTUAL PREFERRED FUNDING TRUST IV

### TRUST SECURITIES

THIS SECURITY IS ONE OF THE FIXED-TO-FLOATING RATE PERPETUAL NON-CUMULATIVE TRUST SECURITIES ("*TRUST SECURITIES*") ISSUED BY WASHINGTON MUTUAL PREFERRED FUNDING TRUST IV (THE "*TRUST*"). THE ISSUER OF THIS SECURITY HAS NOT BEEN REGISTERED AS AN INVESTMENT COMPANY UNDER THE U.S. INVESTMENT COMPANY ACT OF 1940, AS AMENDED (THE "*INVESTMENT COMPANY ACT*"), AND THIS SECURITY HAS NOT BEEN REGISTERED UNDER THE U.S. SECURITIES ACT OF 1933, AS AMENDED (THE "*SECURITIES ACT*"), AND NEITHER THIS SECURITY NOR ANY BENEFICIAL INTERESTS HEREIN MAY BE OFFERED, SOLD, PLEDGED OR OTHERWISE TRANSFERRED EXCEPT TO A PERSON WHO IS BOTH A "*QUALIFIED INSTITUTIONAL BUYER*" WITHIN THE MEANING OF RULE 144A UNDER THE SECURITIES ACT ("*QUALIFIED INSTITUTIONAL BUYER*") AND A "*QUALIFIED PURCHASER*" WITHIN THE MEANING OF SECTION 2(a)(51) OF THE INVESTMENT COMPANY ACT AND THE RULES AND REGULATIONS THEREUNDER ("*QUALIFIED PURCHASER*") ACQUIRING FOR ITS OWN ACCOUNT OR THE ACCOUNT OF A PERSON WHO IS BOTH A QUALIFIED INSTITUTIONAL BUYER AND A QUALIFIED PURCHASER (AN "*ELIGIBLE PURCHASER*") AND EACH SUCH PERSON AND ACCOUNT FOR WHICH SUCH PERSON IS PURCHASING (A) IS NOT A BROKER-DEALER THAT OWNS AND INVESTS ON A DISCRETIONARY BASIS LESS THAN $25 MILLION IN SECURITIES OF ISSUERS THAT ARE NOT ITS AFFILIATED PERSONS, (B) IS NOT A PLAN REFERRED TO IN PARAGRAPH (a)(1)(i)(D) OR (a)(1)(i)(E) OF RULE 144A, OR A TRUST FUND REFERRED TO IN PARAGRAPH (a)(1)(i)(F) OF RULE 144A THAT HOLDS THE ASSETS OF SUCH A PLAN, IF INVESTMENT DECISIONS WITH RESPECT TO THE PLAN ARE MADE BY THE BENEFICIARIES OF SUCH PLAN, (C) WAS NOT FORMED FOR THE PURPOSE OF INVESTING IN THE TRUST, (D) WILL HOLD AT LEAST $300,000 LIQUIDATION PREFERENCE OF TRUST SECURITIES (*i.e.*, AT LEAST THREE TRUST SECURITIES) AND, IF IT TRANSFERS ANY INTEREST IN ANY TRUST SECURITY, WILL TRANSFER AT LEAST $100,000 LIQUIDATION PREFERENCE OF TRUST SECURITIES (*i.e.*, AT LEAST ONE TRUST SECURITY) IN THE CASE OF EACH INITIAL INVESTOR AND WILL HOLD AND TRANSFER, IF IT TRANSFERS ANY INTEREST IN ANY TRUST SECURITY, AT LEAST $100,000 LIQUIDATION PREFERENCE OF TRUST SECURITIES (*i.e.*, AT LEAST ONE TRUST SECURITY) IN THE CASE OF EACH SUBSEQUENT INVESTOR AND (E) UNDERSTANDS THAT THE TRUST MAY RECEIVE A LIST OF PARTICIPANTS HOLDING POSITIONS IN THIS SECURITY FROM ONE OR MORE BOOK-ENTRY DEPOSITARIES. EACH PURCHASER OF THIS SECURITY

OR ANY BENEFICIAL INTERESTS HEREIN WILL BE DEEMED TO REPRESENT THAT IT AGREES TO COMPLY WITH THE TRANSFER RESTRICTIONS SET FORTH HEREIN AND IN THE AMENDED AND RESTATED TRUST AGREEMENT OF THE TRUST (THE "*TRUST AGREEMENT*"), AND WILL NOT TRANSFER THIS SECURITY OR ANY BENEFICIAL INTERESTS HEREIN EXCEPT TO AN ELIGIBLE PURCHASER WHO CAN MAKE THE SAME REPRESENTATIONS AND AGREEMENTS ON BEHALF OF ITSELF AND EACH ACCOUNT FOR WHICH IT IS PURCHASING. ANY PURPORTED TRANSFER OF THIS SECURITY OR ANY BENEFICIAL INTERESTS HEREIN THAT IS IN BREACH, AT THE TIME MADE, OF ANY TRANSFER RESTRICTIONS SET FORTH HEREIN OR IN THE TRUST AGREEMENT WILL BE VOID *AB INITIO*. IF AT ANY TIME THE TRUST DETERMINES IN GOOD FAITH THAT A HOLDER OR BENEFICIAL OWNER OF THIS SECURITY OR BENEFICIAL INTERESTS HEREIN IS IN BREACH, AT THE TIME GIVEN, OF ANY OF THE TRANSFER RESTRICTIONS SET FORTH HEREIN, THE TRUST SHALL CONSIDER THE ACQUISITION OF THIS SECURITY OR SUCH BENEFICIAL INTERESTS VOID, OF NO FORCE AND EFFECT AND WILL NOT, AT THE DISCRETION OF THE TRUST, OPERATE TO TRANSFER ANY RIGHTS TO THE TRANSFEREE NOTWITHSTANDING ANY INSTRUCTIONS TO THE CONTRARY TO THE TRUST, ITS AGENT FOR REGISTRATION OF TRANSFER, EXCHANGE OR PAYMENT (THE "*TRANSFER AGENT*"), OR ANY OTHER INTERMEDIARY. IN ADDITION, THE TRUST OR THE TRANSFER AGENT MAY REQUIRE SUCH ACQUIRER OR BENEFICIAL OWNER TO SELL THIS SECURITY OR SUCH BENEFICIAL INTERESTS TO AN ELIGIBLE PURCHASER.

NO SECURITY MAY BE PURCHASED OR TRANSFERRED TO: (I) AN "*EMPLOYEE BENEFIT PLAN*" AS DEFINED IN SECTION 3(3) OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974, AS AMENDED ("*ERISA*"), WHETHER OR NOT SUBJECT TO ERISA AND INCLUDING, WITHOUT LIMITATION, FOREIGN OR GOVERNMENTAL PLANS, (II) A PLAN, ACCOUNT OR OTHER ARRANGEMENT THAT IS SUBJECT TO SECTION 4975 OF THE INTERNAL REVENUE CODE OF 1986, AS AMENDED (THE "*CODE*"), OR (III) ANY ENTITY WHOSE UNDERLYING ASSETS INCLUDE "*PLAN ASSETS*" OF ANY OF THE FOREGOING BY REASON OF INVESTMENT BY AN EMPLOYEE BENEFIT PLAN OR OTHER PLAN IN SUCH ENTITY (EACH OF THE FOREGOING, A "*BENEFIT PLAN INVESTOR*"), EXCEPT FOR AN INSURANCE COMPANY GENERAL ACCOUNT THAT REPRESENTS, WARRANTS AND COVENANTS THAT, AT THE TIME OF ACQUISITION AND THROUGHOUT THE PERIOD IT HOLDS THE SECURITIES, (I) IT IS ELIGIBLE FOR AND MEETS THE REQUIREMENTS OF DEPARTMENT OF LABOR PROHIBITED TRANSACTION CLASS EXEMPTION 95-60, (II) LESS THAN 25% OF THE ASSETS OF SUCH GENERAL ACCOUNT ARE (OR REPRESENT) ASSETS OF A BENEFIT PLAN INVESTOR AND (III) IT IS NOT A PERSON WHO HAS DISCRETIONARY AUTHORITY OR CONTROL WITH RESPECT TO THE ASSETS OF WAMU DELAWARE OR ANY PERSON WHO PROVIDES INVESTMENT ADVICE FOR A FEE (DIRECT OR INDIRECT) WITH RESPECT TO SUCH ASSETS, OR ANY AFFILIATE OF SUCH A PERSON AND WOULD NOT OTHERWISE BE EXCLUDED UNDER 29 C.F.R. § 2510.3-101(F)(1). IN ADDITION, EACH PURCHASER OR TRANSFEREE OF THIS SECURITY WILL BE REQUIRED TO

REPRESENT AND WARRANT (OR, IN CERTAIN CIRCUMSTANCES, WILL BE
DEEMED TO REPRESENT AND WARRANT) THAT, FROM THE DATE OF
ACQUISITION AND THROUGHOUT THE PERIOD OF HOLDING THIS
SECURITY, EITHER (A) IT IS NOT A GOVERNMENTAL PLAN, FOREIGN PLAN,
CHURCH PLAN OR OTHER PLAN SUBJECT TO LAW THAT IS
SUBSTANTIALLY SIMILAR TO SECTION 406 OF ERISA OR SECTION 4975 OF
THE CODE ("*SIMILAR LAW*") OR (B) ITS PURCHASE AND HOLDING OF THIS
SECURITY WILL NOT CONSTITUTE OR RESULT IN A NON-EXEMPT
VIOLATION OF SIMILAR LAW.

UNLESS THIS SECURITY IS PRESENTED BY AN AUTHORIZED
REPRESENTATIVE OF THE DEPOSITORY TRUST COMPANY, A NEW YORK
CORPORATION ("*DTC*"), TO THE TRUST OR THE TRANSFER AGENT, AND
ANY CERTIFICATE ISSUED IS REGISTERED IN THE NAME OF CEDE & CO. OR
IN SUCH OTHER NAME AS IS REQUESTED BY AN AUTHORIZED
REPRESENTATIVE OF DTC (AND ANY PAYMENT IS MADE TO CEDE & CO. OR
TO SUCH OTHER ENTITY AS IS REQUESTED BY AN AUTHORIZED
REPRESENTATIVE OF DTC), ANY TRANSFER, PLEDGE, OR OTHER USE
HEREOF FOR VALUE OR OTHERWISE BY OR TO ANY PERSON IS WRONGFUL
INASMUCH AS THE REGISTERED OWNER HEREOF, CEDE & CO., HAS AN
INTEREST HEREIN.

This Trust Securities Certificate certifies that Cede & Co. is the registered Holder of the number of Trust Securities set forth above. Each Trust Security represents a beneficial interest in Washington Mutual Preferred Funding Trust IV (the *"Trust"*), having a liquidation preference of $100,000. The Trust Securities are transferable on the Register of the Trust, by the Registrar and Transfer Agent, upon any surrender to the Property Trustee of such Trust Securities in person or by a duly authorized attorney, duly endorsed or accompanied by a properly executed instrument of transfer or endorsement, together with evidence of the payment of any transfer taxes as may be required by law, as provided in Section 3.03(b) of the Trust Agreement (as defined below). The designations, rights, privileges, restrictions, preferences and other terms and provisions of the Trust Securities are set forth in, and this certificate and the Trust Securities represented hereby are issued and shall in all respects be subject to the terms and provisions of the Amended and Restated Trust Agreement of the Trust, dated as of October 25, 2007, (as the same may be amended and restated from time to time, the *"Trust Agreement"*), including the designation of the terms of the Trust Securities as set forth therein. All capitalized terms used herein that are defined in the Trust Agreement have the meaning set forth therein.

Section 4.08 of the Trust Agreement provides for the procedures pursuant to which each Trust Security then outstanding shall be exchanged automatically for a Like Amount of newly issued Depositary Shares if the OTS so directs upon the occurrence of an Exchange Event.

A copy of the Trust Agreement is available for inspection at the offices of the Property Trustee.

Upon receipt of this Certificate, the Holder is bound by the Trust Agreement and is entitled to the benefits thereof.

IN WITNESS WHEREOF, the Trust has executed this Trust Securities Certificate.

WASHINGTON MUTUAL PREFERRED
FUNDING TRUST IV

By: Wilmington Trust Company, not in its
individual capacity but solely as Property
Trustee

By: _____

Name:
Title:          Mary C. St. Amand
                Vice President

Date: 10 / 25 / 2007

COPY

## ABBREVIATIONS

The following abbreviations, when used in the inscription on the face of this instrument, shall be construed as though they were written out in full according to applicable laws or regulations:

| TEN COM: | as tenants in common |
|---|---|
| UNIF GIFT MIN ACT: | _____ Custodian _____ (cust)(minor)<br>Under Uniform Gifts to Minors Act of _____ |
| TENANT: | as tenants by the entirety |
| JT TEN: | as joint tenants with right of survivorship and not as tenants in common |

Additional abbreviations may also be used though not in the above list.

FOR VALUE RECEIVED the undersigned hereby sell(s), assign(s) and transfer(s) unto

COPY

| |
|---|
| |
| (Please insert Social Security or Taxpayer I.D.<br>or other Identifying Number of Assignee) |
| |
| |
| (Please print or type name and address including Postal Zip Code of Assignee) |

the Trust Securities Certificates and all rights thereunder, hereby irrevocably constituting and appointing attorney _____, to transfer said Trust Securities Certificates on the Register of the Trust, with full power of substitution in the premises.

| Dated: | | Signature: | |
|---|---|---|---|
| | | | NOTICE: The signature to this assignment must correspond with the name as it appears upon the face of Trust Securities Certificates in every particular, without alteration or enlargement or any change whatsoever. |

| Signature Guarantee: | |
|---|---|